(88 South. 645)

**Ex parte LITTLE et al. (6 Div. 164.)**

(Supreme Court of Alabama. April 21, 1921.)

Mandamus ⬤42—Will not issue to compel annulment of order for discovery, because evidence sought had not yet become relevant.

Mandamus will not issue to compel the trial court to annul an interlocutory order requiring petitioners to answer certain interrogatories, petitioners not being exempt from the statute for discovery, and their only contention being that the evidence sought had not yet become relevant; order of admission of evidence being largely in the discretion of the trial court, and failure to exclude such evidence, if it is not made relevant by other evidence, being a matter for review by appeal from final judgment.

Original petition by John Little and Robert Little for mandamus to Henry B. Foster, Judge of the Sixth Judicial Circuit, sitting in equity in the circuit court of Tuscaloosa county, to have him annul an interlocutory order requiring petitioners to answer certain interrogatories. Writ denied.

R. H. Little, filed a bill against John and Robert Little to annul and set aside an instrument purporting to be the last will and testament of Dr. John Little, the father of complainants and respondent, which will had been admitted to probate in the probate court of Tuscaloosa county. The grounds of the bill were mental incapacity of the testator and that the will was procured by undue influence. Complainant filed interrogatories to the respondents under section 3134 et seq. Code 1907, and respondents declined to answer the second, third, fifth, and sixth interrogatories and on motion of the complainant the court required the respondents to answer the second, third, fifth, and sixth interrogatories. The second interrogatory called for the dealing between the complainant and Dr. Little through a long series of years, the document, canceled checks, securities, correspondence, memoranda, etc., relating to or showing the value of Dr. John Little's estate. The third interrogatory called for the production and deposit in court of any and all written evidence of the business and financial dealings of Dr. Little, which would show the value of his estate, the amount received by his estate, and the amounts paid out, the amounts due to, and the amounts due by, his estate. The fifth interrogatory called for a statement of all amounts received by John and Robert Little from Dr. Little, from the time they entered college up to and including the date of Dr. John Little's death.

Washington Moody and Foster, Verner & Rice, all of Tuscaloosa, for appellant.

Mandamus is the proper remedy, as the order will not support an appeal. 183 Ala. 659, 62 South. 775. The interrogatories sought nothing that would affect the issues raised by the bill. 87 Kan. 597, 125 Pac. 25, 41 L. R. A. (N. S.) 1126, Ann. Cas. 1914A, 475; Rood on Wills, § 165; 77 S. W. 172; 100 Ala. 157, 14 South. 685, 46 Am. St. Rep. 33; 17 Ala. 84; 106 Ala. 84, 17 South. 187, 54 Am. St. Rep. 22; 127 Ala. 14, 28 South. 687; 95 Ala. 496, 11 South. 125, 36 Am. St. Rep. 235; 17 Mont. 17, 41 Pac. 998, 31 L. R. A. 294, 52 Am. St. Rep. 655.

E. L. Clarkson, of Tuscaloosa, for appellee.

Mandamus will not lie to compel the exercise of discretion.

ANDERSON, C. J. It may be conceded that the exclusion of R. H. Little, a son, from the benefits of the will, and that it was done under the mistaken idea that he had been previously advanced amounts to or in excess of what would be his distributive share in the testator's estate, and that this would not be per se a ground for annulling the will, or even relevant evidence bearing upon the grounds of contest; that is, mental incapacity and undue influence. Yet these facts would be of some probative force, and corroborative of evidence tending to establish the grounds of contest, and the order in which proof is to be introduced is largely discretionary with the trial court, and should it fail to exclude the evidence answering the interrogatories in question, in the event the same is not made relevant, this ruling could and would be revised upon appeal.

Cases should not be tried by piecemeal, and separate and distinct rulings upon the evidence brought to this court pending the progress of the trial, and the fact that the furnishing of the documentary evidence sought may be troublesome or expensive is no reason for having cases go to the appellate court by section or in piecemeal. There are, of

course, certain interlocutory judgments and decrees made reviewable by statute, and there are also others that have been reviewed and revised by mandamus and other remedial process, upon the theory that the petitioner could not obtain adequate relief upon appeal; but wo find no case where this court has attempted to control the action of the trial court upon its ruling on the admissibility of evidence during the progress of the trial.

The case of State ex rel. Smith v. McCord, 203 Ala. 347, 83 South. 71, bears a closer resemblance to the case at bar than any we find in the books; but in that case we held that the statute as to filing special interrogatories did not apply to the state, and it could not be called upon to answer same, regardless of the relevancy of the evidence thereby sought. Here the petitioners are not exempt from the statute, and their only contention is that the evidence sought by the unanswered interrogatories had not thus far become relevant. The case of Ex parte Edwards, 183 Ala. 659, 62 South. 775, involved a decree for alimony and solicitor's fee, and is entirely different from the present case.

Petition denied.

GARDNER, THOMAS, and MILLER, JJ., concur.