[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 100 
Dorsey Trailers, Inc., petitions this court for an original writ of mandamus requiring the Honorable Terry Butts, Judge of the Circuit Court of Coffee County, to compel Pearl Mincey, plaintiff below, to answer petitioner's interrogatories and to stay further proceedings in the action for damages below until plaintiff supplies such answers.
This action arose when Bruce Mincey, deceased, was killed by the explosion of a steel drum which he was cutting with a circular saw. Plaintiff, Pearl Mincey, as administratrix of the estate of Bruce Mincey, deceased, filed suit against petitioner for wrongful death on 6 June 1980, seeking two million dollars in damages for the death of Bruce Mincey. Plaintiff's action was brought under the theory of the Alabama Extended Manufacturer's Liability Doctrine and that of negligence and wanton misconduct.
The issue to be resolved is whether the trial judge abused his discretion in denying, without an opportunity for hearing, petitioner's motion for continuance and motion to compel answers to interrogatories.
On 6 August 1980, petitioner served written interrogatories upon the plaintiff. On 19 October 1980, petitioner, having received no response to its interrogatories, filed a *Page 101 
motion to compel plaintiff to answer them, noting in its motion that the answers were necessary in order for petitioner to adequately defend the action. Without ruling on the motion to compel, the trial court, on motion of plaintiff, set the case for pretrial hearing on 17 November 1980.
At the pretrial conference, petitioner requested respondent trial judge to compel plaintiff to answer its interrogatories. As set out in his pretrial order of 8 December 1980, respondent judge gave the plaintiff an additional 30 days within which to answer petitioner's interrogatories and set the trial for 5 January 1981.
Petitioner received plaintiff's answers to its interrogatories on 15 December 1980. On the following day petitioner filed a second motion to compel plaintiff to answer interrogatories, claiming that plaintiff's answers were not in compliance with the Alabama Rules of Civil Procedure: being nonresponsive, evasive, incomplete and inadequate to allow petitioner to properly prepare its defense; and, as such, should be treated as a failure to answer under Rule 37 (a)(3), ARCP. Contemporaneously, petitioner requested a hearing on its second motion to compel.
After attempting without success to contact respondent judge in order to get a hearing on its second motion to compel, petitioner, on 17 December 1980, filed a motion for continuance of the case until such time as plaintiff properly responded to its discovery requests. Petitioner also requested a hearing of this motion.
Without providing petitioner an opportunity to be heard on its motions, respondent judge, on 23 December 1980, issued an order summarily denying both the motion for continuance and the motion to compel, and ordered the case tried at the January 1981 term of court (week of 5 January 1981). As a result of the denial of its motions, petitioner, on 29 December 1980, filed this petition for an original writ of mandamus, asking this court to require the trial judge to compel plaintiff to properly respond to petitioner's interrogatories, to further order the trial judge to continue this case from 5 January 1981 and to file an answer to the petition for mandamus. This court, on 30 December 1980, entered its order staying all proceedings in the action in the circuit court pending disposition of the petition for writ of mandamus in this court. Answer and brief of respondents were ordered filed as well as reply of petitioner thereto.
The interrogatories propounded to plaintiff by petitioner sought information concerning, inter alia, the facts and circumstances upon which plaintiff based her claims that petitioner was responsible for the death of Bruce Mincey, the locations and identities of all persons upon whom plaintiff relied in reaching her conclusions, and the identities of all persons expected to testify in the action, together with the substance of their expected testimony. Petitioner also inquired of plaintiff the location and identity of any expert witness expected to testify, the subject matter about which each expert was expected to testify, the substance of the facts and opinions of which each expert was expected to testify and a summary of the grounds of the opinion of each expert. In addition, petitioner requested the medical history of the decedent, including any physical or mental impairments, and his educational background and work history.
In answer to this petition, respondent trial judge, Honorable Terry Butts, asserts that he was familiar with the facts surrounding the case prior to the pretrial hearing on 17 November 1980. Based on this knowledge, he felt that most of the facts in the case were better known by petitioner than by plaintiff and that depositions on file appeared to answer most of the interrogatories. Respondent judge, therefore, opined that petitioner had all necessary and proper information and was merely trying to delay going to trial.
Respondent judge also maintains that the procedure in his court has always been that the party desiring further answers to its interrogatories specify the ones which need to be answered or answered further. He notes that petitioner's second motion to compel failed to state which of the answers *Page 102 
were considered evasive or incomplete and failed to take issue regarding those to which plaintiff had objected as improper.
Plaintiff's brief echoes respondent judge's contentions that the contents of oral depositions had already answered the questions posed by petitioner's interrogatories and that petitioner held the most knowledge of the pertinent facts, stating: "We cannot conceive of any facts that we could have that may be material that defendant does not already know." Plaintiff also argues that certain interrogatories call for facts and opinions unknown to plaintiff, but known and held by her attorney, and are improper attempts to discover the theories of her counsel. Furthermore, plaintiff states she did not answer certain interrogatories because she failed to see how the answers would be admissible or lead to admissible evidence, or how the information sought by these interrogatories would help petitioner or harm plaintiff. Finally, the interrogatories requesting names and addresses of all witnesses expected to testify are objected to as improper, and plaintiff maintains the trial court has never required such information to be supplied in response to a discovery request.
Replying to the arguments of respondent judge and plaintiff, petitioner contends it is entitled to the factual basis of plaintiff's claims and all facts going to prove or disprove petitioner's defenses. The discovery material, petitioner maintains, is not limited to admissible evidence, but extends to all matters which are relevant and reasonably calculated to lead to the discovery of admissible evidence. The fact that certain interrogatories are directed toward factual areas already covered by depositions is not a valid ground for objection, according to petitioner, which asserts that the various forms of discovery were meant to be cumulative and complementary, not mutually exclusive. Petitioner further argues that those interrogatories seeking contentions of plaintiff's attorney and names of all witnesses whom plaintiff expects to testify at trial are permissible.
Further, petitioner takes the position that those interrogatories considered improper by plaintiff were not properly objected to by her pursuant to Rule 33 (a), ARCP, which requires the reason for objection to be stated and that the attorney sign the objection being made by him. Petitioner argues that it is obvious from a reading of its interrogatories and plaintiff's answers thereto that the answers are evasive, incomplete, improperly objected to, and contrary to the letter and spirit of the Alabama Rules of Civil Procedure; consequently the defective answers should have been treated as a failure to answer under Rule 37, ARCP. Combining these considerations with the fact that respondent trial judge denied petitioner's motions without a hearing based on his belief petitioner had all necessary information, petitioner asserts that the actions of respondent judge constituted a clear abuse of discretion.
Ordinarily, we would not review rulings regarding discovery proceedings in the trial courts. However, in this case there are basic questions to be answered, arising from the latest amendments to ARCP regarding discovery, that have not heretofore been addressed by this court.
Mandamus is a proper means of review to determine whether a trial judge abused his discretion in limiting a party's right to discovery. Assured Investors Life Insurance Co. v. NationalUnion Associates, Inc., 362 So.2d 228 (Ala. 1978). The utilization of a writ of mandamus to compel or prohibit discovery is restricted because of the discretionary nature of a discovery order. The right sought to be enforced by mandamus must be clear and certain with no reasonable basis for controversy about the right to relief. The writ will not issue where the right in question is doubtful. Lassiter v. Werneth,275 Ala. 555, 156 So.2d 647 (1963).
As the court stated in Campbell v. Regal Typewriter Co.,Inc., 341 So.2d 120 (Ala. 1976):
 The Alabama Rules of Civil Procedure permit very broad discovery and the rules must be broadly and liberally construed. Cole v. Cole Tomato Sales, Inc., 293 Ala. 731, *Page 103 310 So.2d 210 (1975). However, Rule 26 (c) recognizes that the right of discovery is not unlimited and gives the court broad power to control the use of the process and to prevent its abuse by any party. The rule does not allow an arbitrary limit on discovery, but instead vests the trial court with discretion in the discovery process. . . .
For this reason, mandamus will issue to compel discovery only in those cases where a clear abuse of discretion is shown. Exparte Alabama Power Co., 280 Ala. 586, 196 So.2d 702 (1967).
In order to determine whether such a clear abuse of discretion is present in this case, we must examine the interrogatories in light of the purpose and language of the rules of discovery in the Alabama Rules of Civil Procedure and the cases construing them. Looking to case law, we find an established rule that cases construing the Federal Rules of Civil Procedure are authority for construction of the Alabama Rules of Civil Procedure. Bracy v. Sippial Electric Co., Inc.,379 So.2d 582 (Ala. 1980); Alabama Power Co. v. White,377 So.2d 930 (Ala. 1979); State v. Horton, 373 So.2d 1096 (Ala. 1979); Smith v. Wilcox County Board of Education, 365 So.2d 659
(Ala. 1978); Assured Investors Life Insurance Co. v. NationalUnion Associates, Inc., supra.
"Generally speaking, the purpose of modern discovery is to assist the administration of justice, to aid a party in preparing and presenting his case or his defense, to advance the function of a trial in ascertaining truth, and to accelerate the disposition of suits. Beyond this, the rules for discovery are designed to eliminate, as far as possible, concealment and surprise in the trial of lawsuits to the end that judgments be rested upon the real merits of cases and not upon the skill and maneuvering of counsel." 23 Am.Jur.2d, Depositions and Discovery, § 155 (1965). Stated otherwise, the rules seek to "make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." United States v. Procterand Gamble Co., 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077
(1958); Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385,91 L.Ed. 451 (1947).
It is the trial court's job to exercise its broad discretion in a manner that will implement this philosophy of full disclosure of relevant information and at the same time afford a party, or others, maximum protection against harmful side effects which would result from unnecessary disclosure. Exparte Guerdon Industries, Inc., 373 So.2d 322 (Ala. 1979).
The scope of discovery which may be had by interrogatories propounded pursuant to Rule 33, ARCP, is determined, as is the scope of other available forms of discovery, according to Rule 26, ARCP.
Paragraph (b)(1) of Rule 26, in part, states:
 In General. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including . . . the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
The rule makes it plain that discovery is not limited to matters competent as evidence at trial. "Relevancy," as used in our discovery rules, means relevant to the subject matter of the action and a reasonable possibility that the information sought will lead to other evidence that will be admissible.Drewes v. Bank of Wadley, 350 So.2d 402 (Ala. 1977); 8 Wright and Miller, Federal Practice and Procedure § 2008 (1970).
Several of petitioner's interrogatories requested information on the physical, mental and medical history of the deceased, including such pertinent matters as visual impairment. Petitioner contends this information, *Page 104 
in conjunction with questions about the deceased's educational background and work history, is relevant to the ability of the deceased to perceive and appreciate the danger of his task and to read and understand any warning labels which may have been on the drum. Plaintiff's response to these interrogatories was "not answered on advice of counsel," which response plaintiff's brief explains by saying:
 These were not answered on advice of counsel because counsel fails to see how they have anything to do with the case or how they could lead to anything that might have anything to do with this case, and counsel for the plaintiff does not know the answer . . . I do not see how any of the information sought by these or any other would help the plaintiff [defendant?] or harm the defendant [plaintiff?].
Given the purpose and broad scope of discovery, discussedsupra, petitioner was clearly entitled to the information concerning the physical, mental and medical background of the deceased. It is not the prerogative of a party answering interrogatories to refuse to answer because of his opinion regarding the usefulness of the information sought or its relative benefit or harm to the parties involved.
A defendant is entitled to the factual basis of the plaintiff's claim and all facts going to prove or disprove defendant's defense. 4 Moore's Federal Practice, ¶ 26.57. The contention that counsel for plaintiff does not know the facts surrounding the background of the deceased is hardly justification for failure of the plaintiff, mother of the deceased, to answer interrogatories addressed to her.
Under Rule 33, a party must give full and complete answers to interrogatories served on him by another party. While a party may not have a duty to search out new information, it is undisputed that a party has a duty to provide all information available to him. Hickman v. Taylor, supra; 8 Wright Miller, Federal Practice and Procedure, § 2172 (1970). Information which is controlled by a party is available to him. Trane Co.v. Klutznick, 87 F.R.D. 473 (W.D.Wis. 1980).
If the answering party in good faith believes certain interrogatories ask for information beyond the permissible scope set out in Rule 26, ARCP, it is incumbent upon him to properly object under Rule 33, ARCP.
Rule 33 (a), in part, states:
 Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer. The answers are to be signed by the person making them, and the objections signed by the attorney making them. . . .
Objections to interrogatories must be specific and supported by a detailed explanation of why the interrogatories are improper. In re Folding Carton Antitrust Litigation,83 F.R.D. 260 (N.D.Ill. 1979); United States v. 58.16 Acres of Land,66 F.R.D. 570 (E.D.Ill. 1975), 8 Wright Miller, Federal Practice and Procedure § 2172 (1970). General objections may result in waiver of the objections. In re Folding Carton AntitrustLitigation, supra; White v. Beloginis, 53 F.R.D. 480 (S.D.N Y 1971).
Available information which an answering party is under a duty to disclose also includes facts discovered and opinions held by his own expert witnesses. In response to petitioner's interrogatory asking if any examination of the drum head had been made and, if so, what tests or analyses had been performed, plaintiff replied as follows:
 "Mr. Payne has examined it and what kind of test, if any, he made, I don't know."
Having identified Mr. Payne in an earlier answer as an expert witness whom she expected to call at trial, plaintiff was under an obligation to ascertain from him whether he had conducted any tests or analyses of the drum, and, if so, sufficient facts about the tests or analyses to enable plaintiff to properly respond to the interrogatory. *Page 105 
It is also well-established that a party has an obligation to reveal information held by his attorney. Naismith v.Professional Golfers Association, 85 F.R.D. 552 (N.D.Ga. 1979);Pilling v. General Motors Corp., 45 F.R.D. 366 (D.Utah 1968);Maryland ex rel. Peters v. Baltimore O.R. Co., 7 F.R.D. 666
(E.D.Pa. 1947); Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385,91 L.Ed. 451 (1947). In answer to petitioner's interrogatory seeking plaintiff's contentions regarding the nature of the drum's defect, the relation of petitioner's conduct to the defect, and the failure of petitioner to remedy the defect, plaintiff stated:
"My attorney will have to answer this."
Plaintiff argues that this interrogatory called for information held solely by her attorney, of which she had no knowledge. Plaintiff's reply to this interrogatory was improper. A party clearly cannot refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of his attorney. Miller v. Doctor'sGeneral Hospital, 76 F.R.D. 136 (N.D.Okla. 1977); 8 Wright 
Miller, Federal Practice and Procedure, §§ 2171 2177 (1970).
Plaintiff argues that these contention-seeking interrogatories are also objectionable on the ground they attempt to uncover the legal theories and conclusions of her attorney. Plaintiff extends this argument to several other interrogatories which ask for plaintiff's opinions as to the acts and omissions constituting the bases of her claims, to which plaintiff responded: "Not answered on advice of counsel."
By amendment in 1970, paragraph (b) of Rule 33, ARCP, in part, now states:
 An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact . . .
Many older cases denied a party the right to obtain the opinions and contentions of other parties through interrogatories. However, the overwhelming majority of recent decisions have adopted the view of the amended rule and allowed interrogatories seeking opinions and contentions of fact, or of mixed law and fact, while generally refusing to permit interrogatories asking for purely legal conclusions. 8 Wright 
Miller, Federal Practice and Procedure § 2167 (1970). The Advisory Committee Note to Rule 33 of the Federal Rules of Civil Procedure is informative on this point:
. . . Efforts to draw sharp lines between facts and opinions have invariably been unsuccessful, and the clear trend of the cases is to permit `factual' opinions. As to requests for opinions or contentions that call for the application of law to fact, they can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery. . . . On the other hand, under the new language interrogatories may not extend to issues of `pure law,' i.e., legal issues unrelated to the facts of the case. . . .
In keeping with this line of thought, the modern trend has recognized that interrogatories seeking opinions or contentions as to the acts or omissions constituting the basis of a claim of negligence are, by nature, questions of mixed law and fact and are, therefore, proper. 8 Wright and Miller, Federal Practice and Procedure § 2167 (1970). Expressing this view inHartsfield v. Gulf Oil Corp., 29 F.R.D. 163 (D.C.Pa. 1962), the federal district court said:
 It is now settled that interrogatories are an appropriate means for obtaining a specification of the facts upon which a claim of negligence is founded. . . . The objection that the interrogatories require the statement of conclusions or opinions is unjustified in the present circumstances. Opinions and conclusions are inherent in any specification of the factual basis of a claim of negligence. The allegation of negligence itself is the statement of a conclusion, and since negligence may be pleaded broadly, a statement of the facts upon which the conclusion is based can hardly be forbidden as the expression of a conclusion. *Page 106 
Petitioner's interrogatories seeking the contentions of plaintiff concerning the acts and omissions constituting negligence on the part of petitioner should have been answered. As to other contention-seeking interrogatories, such discovery should generally be allowed if the answers would be useful in narrowing the issues or serve some other substantial purpose related to an essential element of a claim, unless a pure conclusion of law is called for. At any rate, the manner in which plaintiff objected was improper under Rule 33, ARCP, as discussed supra, and was hardly a sufficient statement of the specific ground for objection to allow petitioner a fair opportunity to rebut those reasons and to permit respondent trial judge to make a proper and informed decision on whether discovery should be compelled.
As discussed, supra, Rule 26 ARCP, also allows a party to discover the identity and location of persons having knowledge of any discoverable matter. Petitioner posed interrogatories seeking from plaintiff the names and addresses of any persons who observed or were around the location of the explosion, whether any statements had been taken by plaintiff from such persons, and the substance of the information held by such persons. Plaintiff simply responded that these matters had been covered by deposition. Plaintiff gave the same reply to various interrogatories seeking the details of the educational background and work history of her decedent, the actions of the deceased at the time of the explosion, and the facts upon which plaintiff relied in contending that petitioner was negligent in the sale of the drum.
A party may not object to interrogatories merely on the ground that the questions contained therein were answered by deposition. The various methods of discovery were intended to be cumulative and complementary rather than alternative or exclusive. A party may both take depositions and propound written interrogatories, as long as he is not trying to circumvent a ruling by the trial court, or to harass or oppress the adverse party. The burden is on the adverse party to show that a hardship or injustice will be caused by the use of successive methods of discovery. Taylor v. Atchison, T. S.F.Ry. Co., 33 F.R.D. 283 (W.D.Mo. 1962); Stonybrook TenantsAssociation, Inc. v. Alpert, 29 F.R.D. 165 (D.C.D. Conn. 1961);Bullard v. Universal Millwork Corp., 26 F.R.D. 144 (E.D.N Y 1960).
In addition to requesting facts about persons with knowledge of the incident, petitioner asked plaintiff to give the names of all persons she intended to call as witnesses at trial, which she refused to do. If the circumstances justify it, a judge may properly require this information to be revealed. However, we will not hold that a discovering party has the right to demand from the adverse party a list of all witnesses to be called at trial. The majority of jurisdictions in this country do not require such discovery, although there is considerable authority for the opposing view. 8 Wright 
Miller, Federal Practice Procedure, § 2013. Subparagraph (b)(1) of Rule 26, ARCP, permits a party to discover the identity and location of persons having knowledge of any discoverable matter and the answering party is required under Rule 26 (e) to supplement his response to interrogatories seeking this information. Since these provisions effectively allow a party to discover the identity and location of any potential witnesses to be called by the opposition party, denial of the right to require disclosure of the specific persons which the adverse party intends to call as witnesses at trial will not subject the discovering party to surprise at trial. However, it will prevent substantial burdens being placed upon parties who have not completed their trial preparations or strategy.
The final point to be examined is plaintiff's response that "defendant has the answer to this already," to the interrogatory of petitioner seeking information about warning labels on the drum, and respondent trial judge's assertion that one reason he did not grant the motion to compel answers to interrogatories was because he felt most of the facts were better known by petitioner. This was not a proper reason *Page 107 
for plaintiff's refusal to answer or for respondent judge's denial of the motion to compel answers. A claim that much of the information sought by a defendant is in defendant's possession, if true, has no bearing upon an otherwise appropriate discovery request. Dykes v. Morris, 85 F.R.D. 373
(D.C.Ill. 1980).
All told, 37 of the 50 interrogatories propounded by petitioner received responses from plaintiff that the matter had already been covered by the complaint or by deposition, that the question was not answered on advice of counsel, or simply stating the word "answered." A reading of the remaining 13 answers reveals that several are nonresponsive, incomplete or evasive. In addition, plaintiff did not object, in the manner required by Rule 33, ARCP, to any interrogatory which she did not answer.
Such a disregard of the principles of law governing discovery should not have been overlooked by respondent judge and cannot be overlooked by this court. To permit this case to proceed to trial without requiring further answers from plaintiff to petitioner's interrogatories would contravene the purpose of the rules of discovery and might cause petitioner to suffer grave injustice. The bounds of the trial court's discretion to compel or deny discovery are broad. However, in this case those bounds have been overstepped.
If, upon the basis of this decision, respondent trial judge fails to grant petitioner's motion to compel answers to interrogatories and fails to order a continuance of the action for damages until such time as plaintiff complies, a writ to effectuate those actions will issue upon request of petitioner.
WRIT GRANTED CONDITIONALLY.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.