ADAMS, Justice.
John Day, William East, David Arnold, and Jerry Payne, employees of Paine- *231 Webber, Inc. (“defendants”), petition this Court for a writ of mandamus directing the Honorable John J. Dobson, Special Circuit Judge of the Blount County Circuit Court, to vacate his order denying the defendants’ motion to compel production of documents for discovery. We grant the petition.
In January 1990, the defendants were indicted by a Blount County grand jury on charges of securities fraud. On September 6, 1990, the circuit court, ex mero motu, ordered the district attorney to produce to the defendants materials expressly discoverable under Ala.Temp.R.Crim.P. 18.[1]
Following a number of conversations involving the defendants’ lawyers and Van Davis, the Blount County district attorney, the parties agreed to meet on February 7, 1991, at Oneonta, Alabama, for a “document inspection.” At that meeting, which involved the defendants’ lawyers; Landon Aldridge, an investigator for the Alabama Securities Commission (“ASC”); and William J. Trussel, assistant district attorney (Aldridge and Trussel shall be referred to as “the State”), the defendants were given a large number of documents. These documents included (1) virtually the entire file of the district attorney, (2) numerous charts and diagrams prepared by the ASC, and (3) various other materials contained in the investigatory files of the ASC.
Among these documents, the defendants’ lawyers also discovered the personal file of Mr. Aldridge, which, the State contends, was accidentally disclosed. This file, which, according to Payne’s counsel, contained a “minuscule” number of documents, was withdrawn as soon as the State learned of its presence within the other material.
Lawyers for the defendants examined, indexed, and separated those materials they wanted to copy. The separated documents included a “large stack” of materials containing various charts and diagrams too large to be reproduced at any facility in Oneonta. Counsel for the defendant Day offered to take the material to Birmingham, copy it over the weekend, and return the documents to Oneonta the following Monday. Mr. Trussel rejected the request on the ground that “he was not authorized to do that.”
After successive unsuccessful attempts to obtain copies of the segregated documents, the defendants filed a joint motion to compel the State to produce copies of the documents or to allow their reproduction by the defendants. After a hearing on the defendants’ joint motion and an in camera review of the disputed documents, the trial court, in an order dated April 23, 1991, denied the motion. The defendants petitioned the Court of Criminal Appeals for a writ of mandamus directing the trial court to vacate its order denying the defendants’ joint motion.
Following the denial of the petition by the Court of Criminal Appeals, the defendants petitioned this Court for a writ of mandamus directing the trial court to vacate its April 23 order and to “enter an order directing the State to make available for copying all documents previously produced by the special prosecutor.” Petition for Writ of Mandamus, at 7. (Emphasis in original.) The defendants contend that the “State knowingly produced for inspection all of the documents in dispute, except the personal file of Landon Aldridge.” They insist that “by so doing the State waived any objection to producing these documents and [that the] defendants are entitled to an order compelling the State to make such documents available for copying.” Id.
On oral argument, the State contended that the February 7 meeting was not a “document production.” Instead, it characterized the meeting as a “peep show,” that is, “what you see is not what you get.” The defendants, contending that they relied *232 to their detriment on the apparent openness of the State,[2] argued that if they had understood the nature of the meeting in this sense, they could have taken steps to preserve the evidence presented for their inspection. The validity of that assertion can hardly be doubted.
The right to inspect documents contemplates, as a matter of course, the attendant right to copy the documents. See Dixon v. Club, Inc., 408 So.2d 76, 81 (Ala.1981). This rule merely recognizes that, as a practical matter, the “right to inspect without the concomitant right to copy would [be] a meaningless gesture.” Id. Thus, having voluntarily and intentionally expanded the scope of discovery by opening its files to the defendants, the State cannot retreat within the narrower perimeter of the court’s discovery order, or of Rule 18, on which the order was based, in order to prevent reproduction. To do so would be fundamentally unfair in a case such as this one, in which the defendants can demonstrate their reasonable and detrimental reliance on the quasi openness of the State. See United States v. Atisha, 804 F.2d 920, 924 (6th Cir.1986) (“government is obligated to adhere” to “open file” agreements made with a defendant, and a “defendant is justified in relying upon” such agreements), cert. denied, 479 U.S. 1067, 107 S.Ct. 955, 93 L.Ed.2d 1003 (1987); see also United States v. Millet, 559 F.2d 253, 256-58 (5th Cir.1977) (Government’s non-compliance “with any and all agreements and promises it makes with and to defendants” constitutes a “serious breach of the Government’s duty, as well as a possible violation of a defendant’s constitutional due process rights”), cert. denied, 434 U.S. 1015, 98 S.Ct. 732, 54 L.Ed.2d 759 (1978).
A writ of mandamus is the “proper means of review to determine whether a trial judge abused his discretion in limiting a party’s right to discovery.” Ex parte Dorsey Trailers, Inc., 397 So.2d 98, 102 (Ala.1981). Under the facts of this case, we conclude that the trial court abused its discretion in denying the joint motion to compel production of those documents voluntarily and intentionally placed on display.[3] Consequently, the defendants’ petition for a writ of mandamus is due to be granted.
PETITION GRANTED.
HORNSBY, C.J., and MADDOX, SHORES, KENNEDY and INGRAM, JJ., concur.

. The court’s order, which essentially tracked the language of Temporary Rule 18.1(c), specifically required the State to "permit [the defendants] to analyze, inspect and copy or photograph books, papers, documents, photographs, tangible objects, controlled substances, buildings or places, or portions of any of these things, which are within the possession, custody or control of the state, and ... material to the preparation of [their] defense.” (Emphasis added.)

. At the hearing on the defendants’ joint motion to compel the production of the documents, counsel for the defendant Day quoted the Blount County district attorney as stating, in effect: “You can see everything I’ve got. Come down and see it.”

. This holding necessarily excludes those documents contained in the personal files of Landon Aldridge.