In this petition for a writ of mandamus, the plaintiff, Scherrine D. Pitts, asks this Court to direct the trial court to vacate its protective order restricting the scope of deposition testimony of members or employees of the Baldwin County Board of Education ("the Board"), and to grant Pitts's motion to compel deposition testimony from members of the Board.
 Facts
Pitts, a former principal of Pine Grove Elementary School in Baldwin County, sued Nancy Wimberly and Tommy Thompson, alleging libel and slander.
Nancy Wimberly had served as an officer of the Parent-Teacher Organization ("PTO") at Pine Grove Elementary School during a period when Pitts was serving as its principal. Tommy Thompson was president of the PTO just before Wimberly took office. He also served as an assistant to Pitts.
In early 1999, Wimberly and Thompson presented to officials and employees of the Baldwin County school system a nine-page affidavit, signed by both of them, in which they detailed allegations that Pitts had engaged in sexual misconduct on school premises with school employees, that she had stolen money from the school and from the PTO, that she had punished students excessively, that she had used school computers to log on to pornographic sites on the Internet, and that she had encouraged Thompson to embezzle funds from the PTO and had then tried to help him hide his misdeed.
In her complaint, Pitts stated that the allegations in the affidavit were false and that, in accordance with § 6-5-186, Ala. Code 1975, she had delivered to Wimberly and Thompson a written demand that each of them retract the statements made in the affidavit, but that Wimberly and Thompson had refused to issue any retractions. She claimed that because of the publication of the affidavit she had "suffered damage to her reputation and her career and earning power and [had] suffered severe emotional distress and mental suffering."
In her petition for the writ of mandamus she alleges that a short time after members of the Board received the affidavit presented by Wimberly and Thompson, the Board elected not to retain her as principal at Pine Grove Elementary. She further alleges that the Board refused to give her a job in the central office, and that "as of July, 2000, [she] was being considered for termination from her . . . position as assistant principal," and that "[a]s of April 2001, [she] held the tenuous position of `interim assistant principal' at Daphne Middle School."
During discovery, counsel for Pitts deposed two members of the Board. In her petition, Pitts alleges that by deposing the Board members her counsel sought to ascertain what impact the affidavit may have had on the Board's subsequent decisions to remove her as principal of Pine Grove Elementary, to deny her a position in the central office, and to reassign and demote her, and finally, as late as the summer of 2000, to consider not renewing her employment. She also alleges in her petition that "[c]ounsel also sought to determine any facts bearing on information the Board *Page 421 
may have obtained in connection with the truth or falsity of the charges raised in the affidavit." In her petition here, she further alleges:
 "Counsel for the Board repeatedly instructed the deponents, both School Board members, not to answer whenever Plaintiff's counsel sought to learn how the affidavit may have affected the Board's impression of Mrs. Pitts. On at least 90 occasions, counsel for the Board objected to such questions on one ground only — that the questions were not relevant to the lawsuit. . . .
 "Rather than merely stating his objections for the record, counsel for the Board directed the deponents not to answer the questions posed. . . . Counsel for the Board refused to permit the witnesses to answer subject to his relevancy objections unless Plaintiff's counsel could convince him that the questions were relevant.
 "Plaintiff's counsel did explain, on numerous occasions, why the questions posed were relevant. Counsel noted, for example, the importance of any information the Board members may have obtained that bears on the truth or falsity of the allegations in the affidavit that had been presented to them by a respected officer of the parent-teacher organization. Counsel also noted the necessity that Plaintiff prove that the libelous statements cause her harm in her employment."
(Pitts's brief, pp. 4-5) (citations omitted). Pitts attached to her petition copies of the depositions of the two members of the Board.
 I.
The law relating to the issuance of a writ of mandamus in a case involving a discovery dispute was recently set out in Ex parte Henry,770 So.2d 76 (Ala. 2000). In Ex parte Henry, this Court stated:
 "Rule 26, Ala.R.Civ.P., governs the discovery of information in civil actions. When a dispute arises over discovery matters, the resolution of the dispute is left to the sound discretion of the trial court. `Discovery matters are within the trial court's sound discretion, and its ruling on those matters will not be reversed absent a showing of abuse of discretion and substantial harm to the appellant.' Wolff v. Colonial Bank, 612 So.2d 1146, 1146 (Ala. 1992) (citations omitted); see also Ex parte Hicks, 727 So.2d 23, 33 (Ala. 1998) (Maddox, J., dissenting).
 "Petitioning for the writ of mandamus is the proper method for determining whether a trial judge has abused his discretion in limiting discovery. Ex parte Allstate Ins. Co., 401 So.2d 749, 751 (Ala. 1981). The writ of mandamus is a drastic and extraordinary remedy, to be issued only when there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court. Ex parte Horton, 711 So.2d 979, 983 (Ala. 1998) (citing Ex parte United Serv. Stations, Inc., 628 So.2d 501 (Ala. 1993)); Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala. 1991) (citing Martin v. Loeb Co., 349 So.2d 9 (Ala. 1977)). Moreover, this Court will not issue a writ of mandamus compelling a trial judge to alter a discovery order unless this Court `determines, based on all the facts that were before the trial court, that the trial court clearly abused its discretion.' Ex parte Horton, 711 So.2d at 983. Moreover, `"[t]he right sought to be enforced by mandamus must be clear and certain with no reasonable *Page 422 
 basis for controversy about the right to relief," and "[t]he writ will not issue where the right in question is doubtful."' Ex parte Bozeman, 420 So.2d 89, 91
(Ala. 1982) (quoting Ex parte Dorsey Trailers, Inc., 397 So.2d 98, 102 (Ala. 1981)).
". . . .
 "`The first step in determining whether the court has abused its discretion is to determine the particularized need for discovery, in light of the nature of the claim.' Ex parte Rowland, 669 So.2d 125, 127 (Ala. 1995)."
770 So.2d at 79-80.
 II.
We now take the first step "in determining whether the court has abused its discretion." That first step "is to determine the particularized need for discovery, in light of the nature of the claim." 770 So.2d at 79-80. Pitts has filed an action alleging libel and slander against Wimberly and Thompson, who executed an affidavit that was published to the Board and to others and that she claims is false, and Pitts alleges that she has suffered damage as a result. Pitts claims that she sought to ascertain from the two members of the Board being deposed what impact the affidavit may have had on the Board's subsequent decisions to remove her as principal, to deny her a position in the central office, and to reassign and demote her, and finally, as late as the summer of 2000, to consider not renewing her employment.
Although we recognize that the writ of mandamus is used sparingly in discovery matters, this Court has ventured "to suggest that the writ issues more often in instances where the trial court has restricted or prohibited discovery than in instances where liberal discovery has been allowed." Ex parte AMI West Alabama Gen. Hosp., 582 So.2d 484, 486 (Ala. 1991). In that case, the Court conditionally issued the writ of mandamus, and stated:
 "[Rule 26(b)(1), Ala.R.Civ.P.] contemplates a broad right of discovery. Discovery should be permitted if there is any likelihood that the information sought will aid the party seeking discovery in the pursuit of his claim or defense. Discovery is not limited to matters that would be admissible as evidence in the trial of the lawsuit. Ex parte Dorsey Trailers, Inc., 397 So.2d 98 (Ala. 1981). A trial judge, who has broad discretion in this area, should nevertheless incline toward permitting the broadest discovery and utilize his discretion to issue protective orders to protect the interests of parties opposing discovery. Wright and Miller express this notion in the following language:
 "`[I]t is not too strong to say that a request for discovery should be considered relevant if there is any possibility that the information may be relevant to the subject matter of the action. If protection is needed, it can better be provided by the discretionary powers of the Court under Rule 26(c) than by a constricting concept of evidence.'
 "8C. Wright A. Miller, Federal Practice and Procedure § 2008, at 46-47 (1970)."
582 So.2d at 485-86.
The Board, in its response to the petition for mandamus, acknowledges that Rule 26(b)(1), Ala.R.Civ.P., states, in part, that a party "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. . . . It is not ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible *Page 423 
evidence." The Board also admits that "the trial court is required to promote the notion of broad discovery while at the same time providing `maximum protection against harmful side effects which would result from unnecessary disclosure.' Champ Lyons, Jr., Alabama Rules of CivilProcedure Annotated 545 (3d ed. 1996) (citing Ex parte Dorsey Trailers,Inc., 397 So.2d at 103)." (The Board's brief, p. 6) Nevertheless, the Board maintains that "[i]n the case at hand, questions were raised during discovery which were irrelevant and not reasonably calculated to lead to the discovery of admissible evidence."
Regarding objections on the grounds of relevancy, the "question of relevancy is to be more loosely construed at the discovery stage than at the trial, where the relevance question for purposes of admissibility is governed by the Federal Rules of Evidence." 8 Charles Alan Wright et al., Federal Practice and Procedure § 2008 (2d ed. 1994) (footnotes omitted); see also Resolution Trust Corp. v. Dabney, 73 F.3d 262 (10th Cir. 1995); Ralston Purina Co. v. McFarland, 550 F.2d 967 (4th Cir. 1977); and Quantachrome Corp. v. Micromeritics Instrument Corp.,189 F.R.D. 697 (S.D.Fla. 1999).
Based on the particularized need for discovery in light of the nature of the claims made in this case, we believe that the trial court erred in not permitting plaintiff's counsel to question the deponents to attempt to determine the truth or falsity of the affidavit and the effect the affidavit may have had on Pitts's employment with the Board, a key issue with respect to damages. Consequently, the petition for the writ of mandamus is due to be granted.
This opinion was prepared by Retired Justice Hugh Maddox, sitting as a Justice of this Court pursuant to § 12-18-10(e), Ala. Code 1975.
PETITION GRANTED; WRIT ISSUED.
Houston, See, Lyons, Brown, Johnstone, Harwood, Woodall, and Stuart, JJ., concur.
Moore, C.J., dissents.