PARKER, Justice.
 

 Allianz Life Insurance Company of North America (“Allianz”) petitions for a writ of mandamus directing the Barbour Circuit Court to vacate its orders to compel production of certain discovery documents for an individual plaintiff in a fraud case involving the sale of an annuity. The requested documents were produced in class actions in California and in Minnesota, and Allianz alleges that the documents are patently irrelevant or duplicative. For the reasons discussed below, we deny the petition.
 

 Background
 

 In 2003, Mary-George D. Watson ' bought an Allianz BonusDex Elite Annuity policy for $14,397.66. She subsequently sued Allianz and Jeffrey D. Fredrickson,
 
 [1]
 
 the agent who sold her the policy, in the Barbour Circuit Court, alleging fraud based on representations allegedly made to her by Fredrickson at the point of sale.
 

 The BonusDex Elite Annuity is a deferred annuity; it begins paying a stream of payments at a point in time after its purchase. Watson alleges that she told Fredrickson that she did not understand the sales literature provided by Allianz or the written contract and that she would rely on Fredrickson’s explanation of the policy. She claims that he misrepresented the terms of the policy to her. In addition to her fraud claim, Watson alleges that Allianz negligently or wantonly hired, trained, or supervised Fredrickson, and that Allianz and Fredrickson failed to procure a suitable insurance product for her. She also alleges against both Allianz and Fredrickson breach of contract, breach of fiduciary duty, and conspiracy.
 

 Allianz is a defendant in several actions involving the same and similar annuity contracts, and, according to Allianz, Watson sought, and obtained orders in the trial court compelling Allianz to produce, documents previously produced for two of those cases, including:
 

 “1. All documents produced by [Al-lianz] in the case of
 
 Vida F. Negrete, et al. v. [Allianz]
 
 (Civil Docket # 2:05-cv-06838-CAS-MAN), United States District Court for the Central District of California, as well as the case of
 
 Mooney, et al. v. [Allianz]
 
 (Civil Docket # 06-cv-00545 (ADM/FLN)), United States District Court for the District of Minnesota.
 

 
 *413
 
 “2. All depositions taken in
 
 [.Negrete
 
 ], as well as
 
 [Mooney
 
 ], including exhibits to the depositions.”
 

 Allianz filed a motion for a protective order as to the documents, which the trial court denied.
 
 [2]
 
 Allianz states that the
 
 Neg-rete
 
 court has certified the class in a nationwide RICO class action as follows:
 

 “ ‘All persons who within the applicable statute of limitations of the date of commencement of this action and while 65 years of age or older, purchased one or more Allianz Life Insurance Company of North America deferred Annuities either directly, or through surrender (in whole or in part) of an existing permanent life insurance policy or annuity, or by borrowing against an existing permanent life insurance policy.’
 

 “App. Exh. 6, [Stephen] Jordan Aff. Exh. B at 26-27. The
 
 Negrete
 
 class consists of approximately 200,000 members[, and Watson] is neither a member of the
 
 Negrete
 
 class, nor a California sub-class, because she was age 52 when she purchased her policy, and is not a California resident.”
 

 Petition at 3. Allianz notes that production of the documents in
 
 Negrete
 
 has resulted in over 180,000 documents produced under 143 requests, and it anticipates that production will be substantially more than one million documents, not including over 2,800 pages of transcripts resulting from 13 days of depositions. Petition at 4.
 

 The Mooney
 
 [3]
 
 action pending in the United States District Court for Minnesota is based entirely on alleged violations of the Minnesota Consumer Protection Fraud Act and on common-law unjust enrichment.
 
 [4]
 
 The
 
 Mooney
 
 court certified a nationwide class consisting of:
 

 “ ‘All individuals who from February 9, 2000 to the present purchased one of the following two-tiered annuities from Al-lianz Life insurance Company of North America: BonusMaxxx, BonusMaxxx Elite, BonusDex, BonusDex Elite, 10% Bonus PowerDex Elite, MasterDex 10, and the InfiniDex 10 (“Annuities”). The class excludes all persons who purchased the above-listed Annuities from Allianz while they were California residents and when they were 65 or older.’ ”
 

 Petition at 5 (quoting Affidavit of Stephen Jordan).
 
 [5]
 
 This class includes approximately 337,000 members. Under
 
 Mooney,
 
 Al-lianz has produced approximately 70,000 documents in response to 53 requests and has produced about 8,400 pages of transcripts from 53 days of depositions and about 500 associated exhibit documents. Petition at 5. Allianz petitions this Court for a writ of mandamus directing the Barbour Circuit Court to vacate its orders
 
 *414
 
 compelling production here of the documents produced in the
 
 Negrete
 
 and
 
 Mooney
 
 class actions.
 

 Standard of Review
 

 “A writ of mandamus can be issued to affect the trial court’s control of the discovery process, but this Court’s review of a petition seeking a writ in a discovery dispute is particularly stringent:
 

 “ ‘The law relating to the issuance of a writ of mandamus in a case involving a discovery dispute was recently set out in
 
 Ex parte Henry,
 
 770 So.2d 76 (Ala.2000). In
 
 Ex parte Henry,
 
 this Court stated:
 

 “ ‘ “Rule 26 Ala. R. Civ. P„ governs the discovery of information in civil actions. When a dispute arises over discovery matters, the resolution of the dispute is left to the sound discretion of the trial court. ‘Discovery matters are within the trial court’s sound discretion, and its ruling on those matters will not be reversed absent a showing of abuse of discretion and substantial harm to the appellant.’
 
 Wolff v. Colonial Bank,
 
 612 So.2d 1146, 1146 (Ala.1992) (citations omitted); see also
 
 Ex parte Hicks,
 
 727 So.2d 23, 33 (Ala.1998) (Maddox, J„ dissenting).
 

 The writ of mandamus is a drastic and extraordinary remedy, to be issued only when there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.
 
 Ex parte Horton,
 
 711 So.2d 979, 983 (Ala.1998) (citing
 
 Ex parte United Serv. Stations, Inc.,
 
 628 So.2d 501 (Ala.1993));
 
 Ex parte Alfab, Inc.,
 
 586 So.2d 889, 891 (Ala.1991) (citing
 
 Martin v. Loeb & Co.,
 
 349 So.2d 9 (Ala.1977)). Moreover, this Court will not issue a writ of mandamus compelling a trial judge to alter a discovery order unless this Court ‘determines, based on all the facts that were before the trial court, that the trial court clearly abused its discretion.’
 
 Ex parte Horton,
 
 711 So.2d at 983. Moreover, ‘“[t]he right sought to be enforced by mandamus must be clear and certain with no reasonable basis for controversy about the right to relief,” and “[t]he writ will not issue where the right in question is doubtful.” ’
 
 Ex parte Bozeman,
 
 420 So.2d 89, 91 (Ala.1982) (quoting
 
 Ex parte Dorsey Trailers, Inc.,
 
 397 So.2d 98, 102 (Ala.1981)).’ ”
 

 “Ex parte Pitts,
 
 822 So.2d 418, 421-22 (Ala.2001). See also
 
 Ex parte Ocwen Federal Bank, FSB,
 
 872 So.2d 810, 813 (Ala.2003) (holding that ‘mandamus will issue to reverse a trial court’s ruling on a discovery issue only (1) where there is a showing that the trial court clearly exceeded its discretion, and (2) where the aggrieved party does not have an adequate remedy by ordinary appeal. The petitioner has an affirmative burden to prove the existence of each of these conditions.’). The Court in
 
 Ocwen
 
 noted that ‘[i]n certain exceptional cases ... review by appeal of a discovery order may be inadequate’ and that among those exceptional cases were those in which ‘a discovery order compels the production of patently irrelevant or du-plicative documents, such as to clearly constitute harassment or impose a burden on the producing party far out of proportion to any benefit that may obtain to the requesting party .... ’ 872 So.2d at 813. See also
 
 Ex parte Crawford Broad. Co.,
 
 904 So.2d 221 (Ala.2004). Moreover, we are also aware of
 
 *415
 
 the fundamental disinclination of the appellate courts to intrude into the trial court’s province of conducting the litigation process. Appellate courts are fundamentally directed toward the review of an appeal after a case is concluded in the trial court, and they are not well equipped to manage the trial court’s business, particularly where the appellate caseload is more than sufficient to fully occupy the court’s time. This Court has long recognized the principle that ‘ “[c]ases should not be tried by piecemeal, and separate and distinct rulings upon the evidence brought to this court pending the progress of the trial ....’”
 
 Ex parte Alabama Power Co.,
 
 280 Ala. 586, 599, 196 So.2d 702, 715 (1967) (quoting
 
 Ex parte Little,
 
 205 Ala. 517, 517, 88 So. 645, 646 (1921)).”
 

 Ex parte Cooper Tire & Rubber Co.,
 
 987 So.2d 1090, 1100-01 (Ala.2007).
 

 Analysis
 

 Allianz states the issue as:
 

 “Whether a Plaintiff asserting Alabama fraud and other claims based on oral representations by an independent agent in the purchase of single annuity product in 2003, may compel discovery or more than one million documents and 66 days of depositions (with hundreds of exhibits), produced in two national class actions pending in federal courts in California and Minnesota involving hundreds of thousands of individual transactions from 1997 and thereafter for the purchase of annuity products.”
 

 Petition at 6.
 

 Allianz argues that the writ of mandamus should issue because, it says, the documents covered by the orders compelling discovery are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and because Watson should not be provided access to trade secrets or confidential documents.
 

 As to the permissible scope of discovery, Allianz states that “the right to discovery, even in cases including fraud claims seeking punitive damages, ‘is not unlimited.’
 
 Ex parte Union Sec. Life Ins. Co.,
 
 723 So.2d 34, 38 (Ala.1998).” Petition at 6. Citing
 
 Ex parte National Security Insurance Co.,
 
 773 So.2d 461, 465-66 (Ala.2000), Allianz further notes that Alabama courts allow broader discovery than normal when fraud is alleged and punitive damages are sought, if the requests are closely tailored to the nature of the fraud alleged and are not oppressive or unduly burdensome. Petition at 7. Allianz argues that Watson’s Alabama common-law claims against Allianz and one Alabama agent stemming from her purchase of a single annuity policy are very narrow, but her discovery requests are very broad.
 
 Id.
 
 Allianz suggests that Watson’s misrepresentation claim against Fredrickson concerning the suitability of the policy features to her needs can be established only through discovery of the facts that are unique to her policy and to her transaction, which occurred in 2003.
 
 Id.
 
 Allianz notes that the discovery ordered, however, includes information regarding “essentially all information related to hundreds of thousands of transactions involving 63 different ... [policies] ... in all 50 states since December 1997.” Petition at 8. Allianz argues that the discovery requests and the orders compelling discovery are not closely tailored, or tailored at all, to Watson’s claims, and that, therefore, the orders should not be allowed to stand.
 
 Id.
 

 As to relevance of the ordered production, Allianz notes that Watson’s claims are supported solely by the alleged oral misrepresentations of Fredrickson, an independent agent, and that her complaint does not allege participation by Allianz in
 
 *416
 
 the sales process, nor does it allege that Allianz’s written sales materials contain any misrepresentations. Allianz argues:
 

 “The scope of discovery needed to establish the claims of the 387,000 members of the nationwide class in
 
 Mooney,
 
 is clearly not the same as that needed by the individual policyholder here. Documents related to hundreds of thousands of other transactions involving other annuities, dissimilarly situated non-party agents and customers in states other than Alabama at times other than November 2008 are irrelevant to [Watson’s] claims. The ordered production is utterly untailored to the time, geography, or scope of the particular fraud allegations [Watson] asserts.”
 

 Petition at 9.
 

 Watson argues that the writ of mandamus should not issue because, she says, the documents are relevant to her claims and because Allianz has failed to meet its burden under
 
 Ex parte Ocwen Federal Bank, FSB,
 
 872 So.2d 810 (Ala.2003), of showing that the documents and items requested in discovery are patently irrelevant and that the production of those documents and items “ ‘clearly constitute^] a burden on the producing party far out of proportion to any benefit that may obtain to the requesting party.’
 
 Ocwen,
 
 872 So.2d at 813.” Watson’s response at 15.
 

 While Allianz has provided a plethora of information on the merits of the case below that appears to justify its request, we note that the issue presented by Allianz does not accurately reflect the task of this Court. Our task in this case is to evaluate the decision of the trial court to determine whether, in exercising its discretion, it exceeded that discretion. To conduct such an evaluation, it is necessary to review the information on which the trial court based its decision.
 

 Allianz has provided this Court with no evidence indicating that it responded to Watson’s motion to compel production of the documents it now says are not discoverable. Because a “trial judge’s order should not be reversed for the judge’s failing to heed an argument never made in the trial court,”
 
 ConAgra, Inc. v. Turner,
 
 776 So.2d 792, 799 (Ala.2000)(Lyons, J., concurring in the judgment affirming the award of compensatory damages and otherwise concurring both in the judgment and the opinion), we are provided no basis for finding error in the trial court’s exercise of its discretion in that regard. Rule 21(a)(1)(E), Ala. R.App. P. Similarly, when we next seek justification for the trial court’s denial of Allianz’s motion for a protective order, we find that Allianz has not provided this Court a copy of the motion or any supporting information as part of its petition. Accordingly, we can find no error in the trial court’s exercise of its discretion regarding the denial of the protective order because we have no evidence that the motion was more than a mere unsupported request for a protective order. Indeed, the sole evidence this Court has of the existence of such a motion is the word “denied” on a single-page order from the trial court that references a motion for a protective order.
 
 [6]
 

 The trial court’s October 3, 2007, order to compel reads in part:
 

 
 *417
 
 “There being good cause shown that these documents and depositions are available to Defendant Allianz and either could be admissible in this matter or are reasonably calculated to lead to the discovery of admissible information, the Court finds that [Watson’s] Motion to Compel is due to be granted.”
 

 Petition, App. Tab 3.
 

 The trial court subsequently denied Al-lianz’s motion for a protective order, and the “presumption must be indulged by this court in favor of the ruling of the trial court,”
 
 Harris v. Basden,
 
 162 Ala. 367, 370, 50 So. 321, 322 (1909), because “[discovery matters are within the trial court’s sound discretion, and its ruling on those matters will not be reversed absent a showing of abuse of discretion and substantial harm to the appellant.”
 
 Wolff v. Colonial Bank,
 
 612 So.2d 1146, 1146 (Ala.1992) (citing
 
 Smith v. Wilcox County Bd. of Educ.,
 
 365 So.2d 659 (Ala.1978);
 
 Selby v. Money,
 
 403 So.2d 218 (Ala.1981);
 
 Riddlespngger v. Ervin,
 
 519 So.2d 486, 487 (Ala.1987);
 
 Iverson v. Xpert Tune, Inc.,
 
 553 So.2d 82 (Ala.1989);
 
 Ragan v. Blazon Flexible Flyer, Inc.,
 
 590 So.2d 882 (Ala.1991); and
 
 Napier v. McDougal,
 
 601 So.2d 446 (Ala.1992)).
 

 Allianz has failed to provide “parts of the record that would be essential,” Rule 21(a)(1)(E), Ala. R.App. P., to overcome the presumption of correctness attendant to the trial court’s order.
 
 See Ex parte Atchley,
 
 936 So.2d 513, 516 (Ala.2006).
 

 Conclusion
 

 This Court has stated that “the writ of mandamus will not issue to compel a trial court to change its discovery order unless the appellate court determines, based on all the facts that were before the trial court, that the trial court clearly abused its discretion.”
 
 Ex parte Horton,
 
 711 So.2d 979, 983 (Ala.1998).
 

 Allianz has not met its burden of demonstrating that the trial court exceeded its discretion in granting Watson’s motion to compel production and in denying Allianz’s motion for a protective order. The petition, therefore, is denied.
 

 PETITION DENIED.
 

 COBB, C.J., and SEE, WOODALL, and SMITH, JJ„ concur.
 

 [1]
 

 . Watson’s complaint names Allianz and “Jeffrey D. Fredrickson” as defendants. The first paragraph of the complaint, however, refers to "Robert E. Fredrickson.”
 

 [2]
 

 . As discussed later in this opinion, Allianz did not include a copy of the motion for a protective order with its petition; therefore, we cannot know the contents of the motion.
 

 [3]
 

 . Watson asserts that she "was a member of the
 
 Mooney
 
 class, but she has chosen to pursue her individual claims against Allianz and the agent in this case." Watson’s response at 4.This assertion is followed by a footnote that states; "Because the Court in
 
 Mooney
 
 has not disseminated notice to the class, class members have not been advised of any right or obligation to opt out of the class.” Watson has apparently not yet opted out of the class in
 
 Mooney,
 
 but the parties did not address the significance of that footnote.
 

 [4]
 

 . Allianz is incorporated under Minnesota law, with its principal place of business and headquarters in Minneapolis, Minnesota.
 

 [5]
 

 . Allianz attaches to its petition an affidavit by Stephen Jordan, one of the attorneys representing Allianz in the
 
 Negrete
 
 action, discussing the
 
 Negrete
 
 litigation and the
 
 Mooney
 
 litigation, but Allianz does not explain if or how those materials were before the trial court.
 

 [6]
 

 . Watson has provided a transcript of the hearing on her motion to compel held on September 12, 2007. The transcript contains mention of a proposed protective order being negotiated by the parties, indicating that Al-lianz had submitted the order to Watson's counsel and that it had not been provided to the trial court at that time. Watson states in her response that “since [the hearing,] the parties have reached an agreement on the terms of a Protective Order.” Watson's response at 25.