COBB, Chief Justice
(dissenting in case no. 1081462).
I concur with the holding that the petition for a writ of mandamus in case no. 1081436 should be dismissed. However, I must respectfully dissent as to the reversal of the trial court’s July 16, 2009, order in case no. 1081462. At this point in the proceeding, the question whether the State Personnel Board (“the Board”) is in this case has yet to be addressed. Plainly, the Board is closely intertwined in the facts and the law in this case. Although I recognize that the Board purported to withdraw its motion to intervene before the trial court ruled on it, that motion did put before the trial court the question whether the Board should be a party in this litigation. The trial court’s action in attempting *757 to regulate the Board’s discovery authority at least tacitly recognizes that the Board is involved in the case. It seems to me that a considerable saving of resources, both for the parties and for our judicial system, could be realized by simply remanding this cause to the trial court for a ruling on the question whether the Board is a necessary party to this litigation.
“Appellate courts are fundamentally directed toward the review of an appeal after a case is concluded in the trial court, and they are not well equipped to manage the trial court’s business, particularly where the appellate caseload is more than sufficient to fully occupy the court’s time. This Court has long recognized the principle that ‘ “[cjases should not be tried by piecemeal, and separate and distinct rulings upon the evidence brought to this court pending the progress of the trial....’” Ex parte Alabama Power Co., 280 Ala. 586, 599, 196 So.2d 702, 715 (1967) (quoting Ex parte Little, 205 Ala. 517, 517, 88 So. 645, 646 (1921)).”
Ex parte Cooper Tire & Rubber Co., 987 So.2d 1090, 1101 (Ala.2007). See also Ex parte Allianz Life Ins. Co. of North America, 25 So.3d 411 (Ala.2008). In the event that the trial court determines that the Board’s motion to intervene was properly withdrawn and that the Board is not a proper party to this litigation, then the rationale of the main opinion that the trial court does not have the authority to control the Board’s discovery powers seems appropriate. Accordingly, instead of reversing the trial court’s order in case no. 1081462, I would remand the cause for a determination by the trial court as to whether the Board is properly a party in this litigation.