SHAW, Justice
(concurring in the result).
I agree with the implicit holding in the main opinion rejecting the arguments of Robert Bosch LLC that Dorothy Kilgo’s discovery of the algorithm Bosch claims as a trade secret is not “necessary” in Kilgo’s case and that the need for disclosure of the algorithm does not outweigh the potential harm to Bosch from its disclosure. I fur *894 ther agree that.the protective order entered by the trial court was insufficient to protect Bosch’s trade secrets. See Rule 507, Ala. R. Evid. (“If disclosure is directed, the court shall take such protective measures as the interests of the holder of the privilege and of the parties and the interests of justice require.”).
I believe that the amendments to the protective order requested by Bosch were appropriate in this case, except to the following extent:
(1) The trial court should consider allowing more than a single expert, Chris Caruso, to review the algorithm information. However, it should be made clear that the broad category of “qualified persons” set forth in the April 22, 2014, protective order, is not entitled to review that information.
(2) The algorithm information that Bosch offered to provide should include information identified in Caruso’s affidavit as “crash discrimination thresholds.”
Although I have some concerns that Bosch’s proposed limitations on the ability of Kilgo’s experts to copy or otherwise record the algorithm may hamper their ability to effectively examine the materials, the trial court could, if possible, craft a solution that would allow the experts to retain the minimum amount of information required to adequately examine this information.
MURDOCK and BRYAN, JJ., concur.
MOORE, Chief Justice (dissenting).
“The utilization of a writ of mandamus to compel or prohibit discovery is restricted because of the discretionary nature of a discovery order. The right sought to be enforced by mandamus must be clear and certain with no reasonable basis for controversy about the right to relief.” Ex parte Dorsey Trailers, Inc., 397 So.2d 98, 102 (Ala.1981). In this case, the trial court crafted a protective order that allowed Dorothy Kilgo to obtain the information she needed, subject to 12 confidentiality safeguards that were designed to protect Robert Bosch LLC (“Bosch”). Consequently, I cannot say that Bosch had a “clear and certain right” to even more protection or that there is “no reasonable basis for controversy about the right to relief.” Dorsey Trailers, 397 So.2d at 102. I continue to maintain the position that mandamus is improper for discovery matters except in the most extreme of circumstances. See, e.g., Ex parte Mobile Serv. Gas Corp., 123 So.3d 499, 516 (Ala.2013) (Moore, C.J., dissenting); Ex parte Ocwen Fed. Bank, FSB, 872 So.2d 810, 817 (Ala.2003) (Moore, C.J., concurring in the result). Therefore, I respectfully dissent.