MADDOX, Justice.
Christine Finerty petitions for a writ of mandamus directing Judge Ferrill McRae of the Mobile County Circuit Court to vacate his order of July 1, 1992, denying Finerty’s motion to compel discovery. We deny the petition.
In October 1990, an accident occurred involving an automobile driven by Jeanne Cooper, an insured of State Farm Mutual Automobile Insurance Company (“State Farm”), and an automobile driven by Finerty, an insured of Government Employees Insurance Company (“GEICO”). Apparently, the parties conceded that Cooper was at fault.
Initially, GEICO paid Finerty for the property damage done to her automobile, and it began paying for Finerty’s medical bills. In December 1990, Finerty wrote a letter to Sterling Bridges, a State Farm claims adjuster, expressing an interest in settling the claim. In this letter, Finerty specifically stated that any settlement of GEICO’s subrogation rights would be separate.
In January 1991, Finerty, her husband, and Bridges met in the Finertys’ home to discuss the possible settlement. The par *1064 ties reached a settlement agreement and executed a written release. According to Finerty, Bridges represented to her and her husband that the release did not affect GEICO’s subrogation interests against State Farm for the property damage and medical bill payments GEICO had already made. As an addendum to the release, the parties added the following language:
“ *EXCLUDING SUBROGATION INTEREST OF G.E.I.C.O. [SRB, MFF, CBF — the initials of the parties].”
(Exhibit B to Finerty’s petition.)
In March 1991, GEICO wrote Finerty, informing her that it would no longer pay her medical expenses because she had signed the release and because she “jeopardized our rights to recover from State Farm the monies we paid out towards [her] medical expenses.” (Exhibit C to Finerty’s petition.) According to Finerty, in April 1991 GEICO informed her that Bridges had apparently added the “FOR COLLISION REPAIRS TO VEHICLE” clause to the addendum.
In August 1991, Finerty sued State Farm and Bridges, alleging fraud, reckless misrepresentation, mistaken misrepresentation, deceit, suppression, and breach of contract. As part of the discovery process, Finerty requested that Bridges and State Farm produce the claims file Bridges had generated for the automobile accident. Bridges and State Farm produced various documents from the file, but refused to produce various other documents.
Finerty then filed a motion to compel production of the documents. The trial court held a hearing on the motion, inspected the disputed documents in camera, and then denied Finerty’s motion to compel. The trial court found that the requested documents were “interoffice communications of State Farm employees prepared in anticipation of litigation.” (Exhibit F to Finerty’s petition.) Now, Finerty seeks a writ of mandamus ordering the trial judge to vacate his order denying production of the documents.
Mandamus is an extraordinary remedy requiring a showing of: “(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Alfab, Inc., 586 So.2d 889 (Ala.1991).
Further, this Court has stated:
“ ‘The utilization of a writ of mandamus to compel or prohibit discovery is restricted because of the discretionary nature of a discovery order. The right sought to be enforced by mandamus must be clear and certain with no reasonable basis for controversy about the right to relief. The writ will not issue where the right in question is doubtful.’ ”
Ex parte Bozeman, 420 So.2d 89, 91 (Ala. 1982) (quoting Ex parte Dorsey Trailers, Inc., 397 So.2d 98 at 102 (Ala.1981)).
In this case, Judge McRae viewed the disputed documents in camera and heard arguments from both sides on the issue. We find no clear and certain right on Finerty’s part to discovery of the disputed documents based on the materials submitted with her petition for the writ of mandamus. Therefore, we find no abuse of discretion here.
WRIT DENIED.
HORNSBY, C.J., and ALMON, SHORES, HOUSTON, STEAGALL and KENNEDY, JJ., concur.