MADDOX, Justice.
The question presented by this petition for a writ of mandamus is whether the trial judge acted properly in compelling a criminal defense attorney to disclose to an adversary party in a civil proceeding the employment contract he had made with his client who had been charged capitally and was awaiting trial. The trial judge, after examining the employment contract in camera, ordered the criminal defense attorney to disclose the contract. The attorney petitioned this Court for a writ directing the trial judge to vacate his disclosure order; the attorney argues that to require the disclosure would violate the attorney-client privilege.
This Court ordered the trial judge to respond with an answer and brief, and he has done so. After considering the petition, the exhibits, and trial judge’s answer and brief, we conclude that the writ is due to be denied.
Attorney Michael H. McDuffie entered into an employment contract with J.C. Woo-dall, who is presently under indictment in *1064 Elmore County for capital murder.[1] The civil action to which the mandamus petition relates arises out of the same set of facts as the capital murder charge.
The plaintiff in the civil action is Elmer Woodall. He has sued J.C. Woodall, the defendant in the capital case, charging that J.C. Woodall “committed an assault upon [him], said assault being accomplished by and through the agents, servants and accomplices of the said J.C. Woodall.” Elmer Woodall claimed in his civil action that J.C. Woodall and the other named persons conspired to kill him and his mother and that he was shot in the head.
The plaintiff sought to compel the defendant’s attorney to disclose his employment contract with the defendant, based on the fact that the defendant, approximately one week before the scheduled date for trial of the civil action, conveyed certain real property to attorney McDuffie. The plaintiff asked the court to compel McDuffie to disclose the terms of the employment contract. McDuf-fie claimed that such disclosure would violate his attorney-client privilege and the defendant, J.C. Woodall, claims that the disclosure could violate his privilege against self-incrimination. The trial judge ordered McDuffie to disclose the contract to him in camera. After examining it, he sealed it, and the plaintiff has not seen it yet, and neither has this Court because the petitioner has not made it a part of the record.
The plaintiff, in his response to this mandamus petition, states that “[t]his case [Woodall v. Woodall ] was originally scheduled for trial on March 1, 1993,” and “[i]n light of the appraised value of the property conveyed by J.C. Woodall to McDuffie combined with the timing of the transaction in question and other facts which will not be enumerated at this point, Elmer Woodall verily believes that said conveyance may constitute a violation of Code of Alabama, 1975 as amended § 8-9A-1, known as the Alabama Fraudulent Transfer Act.”
Mandamus is an extraordinary remedy requiring a showing of: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court. Ex Parte Finerty, 611 So.2d 1063 (Ala.1993); Ex parte Alfab, Inc., 586 So.2d 889 (Ala.1991).
Further, this Court has stated:
“The utilization of a writ of mandamus to compel or prohibit discovery is restricted because of the discretionary nature of a discovery order. The right sought to be enforced by mandamus must be clear and certain with no reasonable basis for controversy about the right to relief. The writ will not issue where the right in question is doubtful.”
Ex parte Bozeman, 420 So.2d 89, 91 (Ala.1982) (quoting Ex parte Dorsey Trailers, Inc., 397 So.2d 98 at 102 (Ala.1981); also quoted in Ex parte Finerty, 611 So.2d at 1064.
In his brief, the respondent judge stated:
“As is set forth in the case of Harris v. State, 281 Ala. 622, 206 So.2d 868 (1968), the rule making communication between attorney and client privileged from disclosure does not ordinarily apply where inquiry is confined to the fact of the attorney’s employment, the name of the person employing him, and the term of employment. Additionally, in Ex parte Griffith, 278 Ala. 344, 178 So.2d 169 (1965), the Court made two extremely important and relevant holdings: (a) ‘an attorney may, without violating the rule of confidential communications, be compelled to testify to the fact of his employment ... ’ and (b) ‘[i]f the communication between attorney and client relates to unlawful or fraudulent accomplishment, higher public policy, and the duty of an attorney to society as a whole abrogates the privilege’ of attorney and client. As previously set forth in the answer of Elmer Woodall, he has reason to believe that there is a possibility that a violation of the Alabama Fraudulent Transfer Act has occurred and the discovery in question is sought along those lines.
*1065 “Whether or not a communication between a client and an attorney is privileged is a question of fact for the trial judge. Alabama Law of Evidence, Joseph A Colquitt, (The Michie Co. 1990), citing Harris and Griffith. Whether the party who asserts the attorney-client privilege is the attorney or the client, the party must establish (1) the presence of an attorney-client relationship, (2) the facts which demonstrate the communications were within the privilege, and (3) the prejudicial effect to the client which would result from any disclosure of the privileged information. Swain v. Terry, 454 So.2d 948 (Ala.1984). The attorney/client privilege was established] to protect lawful transactions between attorneys and their clients, and not to facilitate the commission of fraud or crimes. Sawyer v. Stanley, 241 Ala. 39, 1 So.2d 21 (1941).”
Based on the principles of law cited in this opinion and those cited in the respondent judge’s brief, we hold that the petitioner has failed to show that he is clearly entitled to the relief he seeks. The petition is denied.
WRIT DENIED.
ALMON, SHORES, HOUSTON and INGRAM, JJ., concur.

. The indictment charges murder for hire. Ala. Code 1975, § 13A-5-40(a)(7).