This is a ruling on a petition for a writ of mandamus wherein the petitioner asked this Court to direct the trial judge before whom this action was proceeding to change a ruling that that judge had made with regard to a certain discovery matter. Upon review, we find that the trial judge acted within the discretion vested in him as to these matters and, therefore, refuse to grant the writ asked for.
The petitioner is Old Mountain Properties, Ltd., a limited partnership organized and existing under the laws of the State of Maryland, with its principal place of business in Jacksonville, Florida. On October 15, 1980, April Investments, Inc., filed a complaint against Old Mountain Properties in the Circuit Court of Jefferson County. Pursuant to this complaint, April Investments filed notice to take the deposition of Old Mountain Properties by and through its general partner Charles A. Clarkson; the deposition was scheduled to be taken in Birmingham. Old Mountain Properties filed a motion for protective order, seeking protection from the taking of the deposition of the general partner in Birmingham instead of in Jacksonville, Florida, on the basis that the uncontested facts show Old Mountain Properties to be a foreign limited partnership, with its principal place of business in Jacksonville, Florida, and that Charles A. Clarkson, the named deponent, is a resident citizen of the State of Florida. The trial judge, after hearing oral argument on Old Mountain Properties' motion for protective order, overruled the motion and ordered Old Mountain Properties to produce its general partner for deposition in Birmingham. It is from this ruling by the trial judge that Old Mountain Properties petitions this Court, asking us to order the trial judge to enter the protective order which they requested. *Page 1050 
No rule or Alabama case provides a hard-and-fast rule on whether or not a nonresident corporate agent must come to the forum in order to give a deposition. This rule is especially applicable to matters of discovery, which are, and should be, left mainly to the discretion of the trial judge. As this Court stated in Campbell v. Regal Typewriter Co., Inc.,341 So.2d 120, 123, 124 (Ala. 1976):
 "The Alabama Rules of Civil Procedure permit very broad discovery and the rules must be broadly and liberally construed. Cole v. Cole Tomato Sales, Inc., 293 Ala. 731, 310 So.2d 210 (1975). However, ARCP 26 (c) recognizes that the right of discovery is not unlimited, and gives the court broad power to control the use of the process and to prevent its abuse by any party. The rule does not allow an arbitrary limit on discovery, but instead vests the trial court with discretion in the discovery process. The question on review then becomes one of whether, under all of the circumstances, the trial court has abused this discretion. Tiedman v. American Pigment Corp., 253 F.2d 803 (4th Cir. 1957). In exercising its discretion, the trial court should be guided by the spirit of the rules, which is to permit full discovery so as to save time, effort and money and to expedite the trial with a view to achieving substantial justice for each litigant. First National Bank in Greenwich v. National Airlines, Inc., 22 F.R.D. 46 (D.C.N.Y. 1958).
 "The particular details of the discovery process must necessarily be left to the sound discretion of the trial court. The court may enter appropriate orders under ARCP 26 (c) and if necessary, on a showing of undue burden, it may order alternative means of discovery. Burns v. Thiokol Chemical Corp., 483 F.2d 300 (5th Cir. 1973). Of course, the fact that it may be difficult to produce information which is discoverable is not a justification for disallowing the discovery of that information. . . ."
Each request for a protective order must be considered on its own facts and equities; the trial court is in a better position to consider and weigh those factors than is an appellate court. This Court will not reverse the trial judge's determination of such discovery issues such as here presented (whether to require the deponent to come to Birmingham), unless there is a clear showing that the trial judge abused his discretion in making his decision.
Protective orders, of the type asked for by the petitioner, are only issued "for good cause" shown by the person seeking the protection. See A.R.C.P. 26 (c), and Assured Investors LifeInsurance Co. v. National Union Associates, Inc., et al.,362 So.2d 228 (Ala. 1978). The trial judge did not abuse his discretion by finding that "good cause" did not exist in this case. Petitioner had the burden, under Rule 26 (c) A.R.C.P. of showing adequate justification for its protective order. In light of all the facts of this case, the single assertion that the defendant is a foreign limited partnership with its principal place of business in Jacksonville, Florida, and that the named deponent is a resident citizen of the State of Florida does not, automatically, show that the trial judge abused his discretion by requiring the deposition to be taken in Birmingham. The ruling of the trial court in denying the motion for protective order is hereby affirmed.
WRIT DENIED.
FAULKNER, JONES, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., dissents.
ALMON, J., not sitting.