The trial court denied petitioner's motion to compel answers to her interrogatories and upheld objections to her subpoena for production of documents. She then filed this petition for writ of mandamus, asking this Court to require the trial court to compel this discovery. We deny the petition.
Petitioner Brenda Mack filed suit against the Beacon Light Clinic, Inc., and Dr. Hugh MacGuire to recover damages for personal injuries arising out of the defendants' allegedly negligent performance of an abortion. During the course of discovery, she propounded interrogatories to Beacon Light Clinic, Inc. Among the questions were:
 "5. Please give the name and current address of each person who received an abortion at Beacon Clinic on December 2, 1983.
 "6. Please give the name and current address of each person who was present during any counseling given Brenda Mack at Beacon Clinic on December 2, 1983."
The defendants objected to the release of any names and addresses of patients treated on that date, and petitioner's subsequent motion to compel answers was denied. When petitioner learned that Beacon Light Clinic, Inc., had sold the clinic to a third party, she propounded a Rule 34 (b)(2), A.R.Civ.P., subpoena to the custodian of records of the new Beacon Clinic for production of documents, which included a request *Page 801 
for medical records and various other documents, all of which would reveal the names of those patients who had abortions on December 2, 1983. The defendants and the current owners of the clinic again objected to the release of this information. Those objections were upheld by the trial court. The petitioner argues that the information which she seeks is necessary to her case and that the trial court abused its discretion in denying her motion to compel and in upholding the objections to the subpoena. We disagree.
While mandamus is a proper means of review to determine whether a trial court abused its discretion in limiting a party's right to discovery, the utilization of such a writ to compel or prohibit discovery is restricted because of the discretionary nature of a discovery order. Ex parte DorseyTrailers, Inc., 397 So.2d 98 (Ala. 1981). The Alabama Rules of Civil Procedure permit very broad discovery; however, Rule 26 (c) recognizes that this right to discovery is not unlimited and accordingly vests the trial court with broad discretionary power to control the use of the process and prevent its abuse by any party. As a result, the writ will not issue unless the right sought to be enforced is clear and certain, with no reasonable basis for controversy about the right to relief. For this reason, mandamus will issue to compel discovery only in those cases where a clear abuse of discretion is shown. Exparte Dorsey Trailers, Inc., supra.
This Court has recognized that patients enjoy a right to privacy and confidentiality with regard to disclosures made within the doctor-patient relationship. In Horne v. Patton,291 Ala. 701, 287 So.2d 824 (1974), the Court held that there was a confidential relationship between the defendant doctor and the plaintiff, who was his patient, which imposed a qualified duty upon the doctor not to reveal confidences obtained through the doctor-patient relationship, and that a breach of that duty would give rise to a cause of action. It was also recognized in that case that a doctor's unauthorized disclosure of a person's medical records constituted an invasion of that person's right of privacy and, further, that by entering into the doctor-patient relationship, the doctor impliedly contracted to keep confidential all personal information disclosed by the patient. We note from Horne, supra, that the aforementioned duty is not absolute, but subject to certain exceptions where the supervening interests of society or the private interests of the patient intervene. See also Mull v. String,448 So.2d 952 (Ala. 1984).
It is the trial court's role to exercise its broad discretion in a manner that will implement the philosophy of full disclosure of relevant information and at the same time afford a party, or others, maximum protection against unnecessary disclosure. Ex parte Guerdon Industries, Inc., 373 So.2d 322
(Ala. 1979).
The disclosure of the information sought by the petitioner in this case could prove most embarrassing or harmful to the other patients. The trial court took this under consideration and determined that those patients' rights to privacy and confidentiality in this respect were paramount to any gain that might be achieved by the disclosure of the information sought by the petitioner. There being no abuse of discretion on the part of the trial court, we deny the writ of mandamus.
WRIT DENIED.
TORBERT, C.J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur. *Page 802