This is a petition for writ of mandamus requesting this Court to order the respondent trial judge to set aside an order staying all discovery in the instant civil action during the pendency of a related criminal case or until further orders of the trial court.
William Terry McMahan brought suit against Eloise Cook and Richard A. Colegrove, Jr., after Colegrove, as attorney for Cook, sent a letter to McMahan stating, "As a result of your fraud, fraudulent practice, and misrepresentation, Ms. Cook has lost a considerable amount of money." The letter, dated June 17, 1985, demanded payment of $20,000 and threatened that civil suit and criminal charges would be brought against McMahan if he did not pay by July 1. McMahan did not pay, and on July 8 Cook swore out a warrant for his *Page 493 
arrest. He was indicted by the grand jury on October 11, 1985.
On September 4, 1985, McMahan filed the suit from which this petition arises. The amended complaint attached to the petition seeks damages for attempted extortion, attempted blackmail, defamation (Colegrove sent copies of the letter to two business associates of McMahan and to his employer), and malicious invasion of privacy, and includes other allegations. Some discovery was conducted, including depositions of Colegrove and McMahan, but Cook failed to appear for her deposition on three occasions when McMahan had given her notice that he would take her deposition. McMahan filed a motion requesting the trial court to require Cook to appear at a deposition and later filed another motion asking that she be required to answer interrogatories, produce documents as requested, and submit to deposition.
The trial court entered the following order in response to these motions:
 "The court is informed by the attorneys of record for the parties herein, that there is pending in the Circuit Court of Shelby County, a criminal case arising out of substantially the same conduct which is the subject matter of this suit, or is at least germane to matters made the basis of this suit, and the plaintiff in this case is a defendant in the Shelby County criminal case, and the defendant, Eloise Cook, is a prosecuting witness in the Shelby County case. Therefore, considering all of the surrounding circumstances, it is ordered and adjudged that both said motions are overruled and denied and that all forms of discovery in this case are stayed pending disposition of the Shelby County Criminal case, or further order of this court."
This order is in effect a protective order in favor of Cook, which, if she had filed a motion for such an order, would be granted only "for good cause shown," to protect her from "annoyance, embarrassment, oppression, or undue burden or expense," Rule 26(c), A.R.Civ.P.
 "The Alabama Rules of Civil Procedure permit very broad discovery and the rules must be broadly and liberally construed. Cole v. Cole Tomato Sales, Inc., 293 Ala. 731, 310 So.2d 210 (1975). However, ARCP 26(c) recognizes that the right of discovery is not unlimited, and gives the court broad power to control the use of the process and to prevent its abuse by any party. The rule does not allow an arbitrary limit on discovery, but instead vests the trial court with discretion in the discovery process."
Campbell v. Regal Typewriter Co., 341 So.2d 120, 123 (Ala. 1976). Mandamus will be granted only where an abuse of discretion is shown. Ex parte Johnson, 485 So.2d 1098 (Ala. 1986); Ex parte Mack, 461 So.2d 799 (Ala. 1984); Ex parte OldMountain Properties, Ltd., 415 So.2d 1048 (Ala. 1982); Ex parteDorsey Trailers, Inc., 397 So.2d 98 (Ala. 1981); Ex parteGuerdon Industries, Inc., 373 So.2d 322 (Ala. 1978).
In granting a writ of mandamus ordering a trial court to set aside a protective order, this Court has cited Rule 26(c) and stated:
 "Thus, to be entitled to a protective order, a movant must either show good cause why the objected-to deposition or production of documents would be unduly burdensome or expensive, oppressive, embarrassing or annoying, or that the subject matter sought to be discovered is privileged. The record before us is totally without 'good cause shown.' "
Ex parte Bishop, 362 So.2d 228, 231 (Ala. 1978).
In Ex parte Scott, 414 So.2d 939 (Ala. 1982), this Court granted a writ of mandamus ordering a trial court to set aside an order staying all discovery pending the outcome of a related civil case. The defendants in the case from which that petition arose had filed a motion for a protective order, and the trial court had granted the motion. This Court observed that "the party who seeks a protective order has the burden of showing good cause why discovery should not be had," and held that "There are no assertions in the motions for a protective order that would amount to a showing of good cause." Id., at 941. Here, the trial court granted the stay in response to a motion to compel discovery, *Page 494 
but we find no difference in principle: if it is an abuse of discretion to grant a motion for a protective order, there is no reason to suppose the trial court would be within its discretion in granting such an order in the absence of such a motion. Indeed, without a motion for a protective order, there is even less likely to be a showing of good cause, unless the trial court sets forth such a showing in its order.
As in Bishop and Scott, the record in the instant case makes no showing of good cause. The trial court's order states that it is granted "considering all of the surrounding circumstances," with no reference to those circumstances other than to say that Cook is the prosecuting witness in the criminal case. This fact, on its face, does not present a ground for limitation of discovery. The brief filed by Cook and Colegrove makes general remarks to the effect that McMahan is attempting to annoy and embarrass Cook and is abusing the discovery process by trying to conduct his criminal discovery in a civil suit. Not only do these statements prejudge the merits of both cases, but they are not supported by any specific facts or references.
As this Court stated in Scott, supra, at 942:
 "Here, not only has there been a denial of the taking of a deposition, but the denial of discovery altogether or at least a total postponement. There may be instances where the complete denial of discovery is justified, but based on the record before us, this is not such a case."
For the same reason, a writ of mandamus is due to issue in this case.
WRIT GRANTED.
TORBERT, C.J., and MADDOX, ALMON, BEATTY and HOUSTON, JJ., concur.