INGRAM, Judge.
Russell McNally, a defendant in a case pending in the Circuit Court of Colbert County, brings before this court a petition for writ of mandamus asking us to require the trial judge to change a ruling made relative to a discovery matter. The plaintiff in the case noticed McNally’s deposition to be taken in Tuscumbia, Alabama. McNally, a resident of Louisville, Kentucky, moved for a protective order, the apparent effect of which would require the taking of his deposition in Louisville rather than Tuscumbia. The trial judge denied McNally’s motion. It is from that ruling that McNally petitions this court to order the trial judge to issue the protective order he requested.
The Alabama Rules of Civil Procedure vest broad discretionary power in the trial court to control the discovery process and to prevent its abuse. Ex parte Mack, 461 So.2d 799 (Ala.1984). That power is not unlimited, however, and mandamus is a proper means of review to determine whether the trial court abused its discretion. Ex parte Sargent Industries, Inc., 466 So.2d 961 (Ala.1985). The utilization of an extraordinary writ is restricted, and, therefore, mandamus will not issue unless the right to the relief sought is clear and certain with no reasonable basis for controversy. Ex parte Dorsey Trailers, Inc., 397 So.2d 98 (Ala.1981). In discovery matters, this requires that a clear abuse of discretion must be shown. Ex parte Mack, supra.
*929 The general rule which we must apply on petitions for mandamus in cases involving discovery was plainly stated by the Supreme Court of Alabama in Ex parte Old Mountain Properties, Ltd., 415 So.2d 1048, 1052-53 (Ala.), cert. denied, 459 U.S. 909, 103 S.Ct. 215, 74 L.Ed.2d 171 (1982), quoting Investors Life Insurance Co. v. National Union Associates, Inc., 362 So.2d 228, 231-32 (Ala.1978):
“ ‘It is well settled that the Rules on deposition and discovery are to be broadly and liberally construed. Cole [v. Cole 293 Ala. 731, 310 So.2d 210 (1975)]. Rule 26(c), supra, recognizes, however, that the right to discovery is not unlimited, and the trial court has broad powers to control the use of the process to prevent its abuse by any party. See Campbell v. Eastland, 307 F.2d 478 (5th Cir. 1962); and DeLong Corp. v. Lucas, 138 F.Supp. [805] 806 (S.D.N.Y.1956). The Rule does not allow an arbitrary limit on discovery; instead, it vests the trial court with judicial discretion in the discovery process. The question on review, then, becomes one of whether, under all the circumstances, the court has abused this discretion. Campbell v. Regal Typewriter Co., 341 So.2d 120 (Ala.1976). An appellate court may not decide whether it would, in the first instance, have permitted the prayed for discovery. Furthermore, it is unusual to find abuse of discretion in these matters. Swanner v. United States, 406 F.2d 716 (5th Cir.1969); Tiedman v. American Pigment Corp., 253 F.2d 803 (4th Cir. 1958); Ex parte Alabama Power Co., 280 Ala. 586, 196 So.2d 702 (1967); and 35A C.J.S. Federal Civil Procedure §§ 532, 592.’ (Emphasis added [in Old Mountain Properties'].)”
There is no hard-and-fast rule in Alabama stating whether or not a nonresident defendant must come to the forum to give a deposition. Instead, such a decision is within the power of the trial judge in controlling the discovery process and is left to his or her discretion. The particular circumstances of each case must be considered by the trial judge, who is in a better position to weigh the factors involved when confronted with a dispute over the proper location for the taking of a deposition than is an appellate court. We may not, by mandamus, supervise the exercise of the trial judge’s discretion in this matter absent a clear showing that she abused her discretion in making her decision. Ex parte Old Mountain Properties, Ltd., supra.
We note that the following general rule is stated in Ex parte Armstrong, 412 So.2d 772, 773 (Ala.1982):
“Depositions of a corporation through its officers or agents should ordinarily be taken at the corporation’s principal place of business, especially when the corporation is a defendant. Salter v. Upjohn Company, 593 F.2d 649 (5th Cir.1979). There may be circumstances that would justify the taking of a deposition somewhere other than the corporation’s principal place of business.”
We agree that ordinarily a nonresident defendant should not be required to travel to the site of a deposition in the forum chosen by the plaintiff. But we also note that the general rule may be altered, depending upon the circumstances of a particular case. One such circumstance apparent here is that McNally’s employer, Southern Metals Company, Inc., is an Alabama corporation with its principal place of business located in Colbert County, Alabama. The trial judge has the discretion to determine whether the facts in a given case justify a change in the deposition’s location. We may not substitute our judgment for that of the trial court by deciding whether we would have granted the protective order sought by McNally.
We find that the trial judge did not clearly abuse her discretion in denying McNally’s request for a protective order; therefore, her ruling is due to be affirmed.
WRIT DENIED.
BRADLEY, P.J., and HOLMES, J., concur.