In a discovery order issued in a fraud action pending in the Mobile Circuit Court, the trial judge required the defendant, American Carpet Sales, Inc. ("American Carpet"), to produce for the plaintiffs all invoices regarding sales it had made over the past five years. Producing those invoices could require American Carpet to manually review at least 30,000 customer files, at a minimum cost of $12,000. American Carpet petitions for a writ of mandamus directing the trial judge to rescind that discovery order, contending that it is overly oppressive, unduly burdensome and expensive, and not calculated to lead to the discovery of admissible evidence. We grant the petition to the extent of requiring a modification of that discovery order.
The plaintiffs, Kerry Platt and Angela Platt, sued American Carpet; Associates Financial Company, Inc. ("Associates"); and Paul Grant, an employee of American Carpet. They alleged that they had bought carpeting and flooring for their home from American Carpet; that American Carpet had fraudulently increased the invoice price for that carpeting and flooring from the original price $2,165 to $2,408; and that it had done so without their consent. The Platts further alleged that American Carpet had forged Kerry Platt's signature to a security agreement with Associates related to the financing of the carpeting and flooring. The plaintiffs served American Carpet with a request for production of 15 items of information. In response, American Carpet objected to production of the following items:
 "11. A copy of all buyer's orders and/or purchase agreements between [American Carpet] and any purchaser in the state of Alabama entered into over the past five years where [American Carpet] charged additional monies to the purchaser after the agreement had been entered into.
". . . .
 "13. A copy of all security agreements [American Carpet] has sold to purchasers on behalf of the Associates during the past five years.
 "14. Please describe [American Carpet's] relationship with the Associates Financial Company, Inc. In addition, please attach any and all agreements, contracts, etc., which contain, evidence, or embody this relationship."
After American Carpet failed to respond to the requests for production, the Platts filed a motion to compel production. The trial court granted that motion. American Carpet then *Page 952 
moved to reconsider that order and further moved for a protective order. The trial court denied the motion to reconsider and the motion for a protective order, and again ordered production as to items 11, 13, and 14.
American Carpet argues that the production of all invoices over the past five years that it adjusted upward after the agreement had been entered would be overly oppressive, unduly burdensome and expensive, and not calculated to lead to the discovery of admissible evidence. It contends that the production of all invoices would require that its employees manually review at least 30,000 customer files, at a minimum cost of $12,000, and that the request is not reasonably calculated to provide the plaintiffs with any evidence in support of their "pattern and practice" allegations. American Carpet says that often the measurements provided by a customer are incorrect and that the measurements, as well as the price on the customer's invoice, will be adjusted either up or down to reflect the actual measurements. American Carpet also asserts that on the Platts' invoice appeared a statement indicating that "price [is] subject to change if customer supplies specification."
American Carpet states that it does not keep a separate list of purchase orders that have been adjusted within the past five years; that its invoices for each year are filed alphabetically by purchaser in individual file folders, with no notation on the folders to indicate which invoices have been adjusted; that within the past five years it has generated approximately 6,000 to 9,000 invoices each year for purchases of carpeting and flooring; and that to provide the information requested, it would have to review manually each one of those files. American Carpet says that in order for it to comply with the request, at a minimum someone would have to review approximately 30,000 invoices and that to do so would require approximately 1,500 man-hours, or 37.5 weeks, for one of its employees. American Carpet also says that the production of those invoices would invade the privacy of its customers by revealing their names and addresses and purchases, and it says that producing those invoices would mean releasing business secrets (specifically its customers' identities).
American Carpet argues that the discovery request should be denied, based on Ex parte Compass Bank, 686 So.2d 1135
(Ala. 1996). In that case, this Court issued a writ of mandamus requiring that the trial court vacate a discovery order; we noted that even in fraud cases justice requires the trial court to protect a party from oppression or undue burden or expense. In that case, this Court held that the defendant had made a clear showing that the trial court's discovery order was overly broad and would impose on the defendant an undue burden and undue expenses because that order failed to limit discovery to the putative class members and to the type of annuity purchased by the plaintiff and would require production of over 21,000 customer files and would involve review of files on 35,000 transactions.
In Ex parte Finkbohner, 682 So.2d 409 (Ala. 1996), the plaintiffs sued Principal Mutual Life Insurance Company for damages based on an alleged breach of contract and bad faith refusal to pay benefits under a medical insurance policy. In that case, the plaintiffs sought discovery of other Alabama claims and lawsuits since 1992 alleging bad faith denial of a claim, as well as the name, address, and telephone number of each insured whose claim had been denied based on the same policy language, for the preceding five-year period. The trial judge refused to require production of the requested discovery; the plaintiffs petitioned this Court for a writ of mandamus directing the trial court to order that discovery. This Court held that the plaintiffs were entitled to discover the previous bad faith actions against the defendant, but it did not allow discovery of evidence of other claims, holding that it would be unduly burdensome on the defendant to have to sift through possibly hundreds or thousands of letters or other items of correspondence to determine whether any one of the complainants was charging it with bad faith denial of a claim.
American Carpet argues that it is undisputed that production of security agreements by which Associates Financial Services provided financing to American Carpet's customers *Page 953 
would likewise be unduly burdensome and expensive, and it argues that the request for that information is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, American Carpet asserts that the request for production of the security agreements relates only to the alleged forgery of the plaintiff Kerry Platt's signature on the security agreement with Associates. InEx parte Mobile Fixture Equipment Co., 630 So.2d 358
(Ala. 1993), this Court indicated that absent allegations of a fraudulent scheme a plaintiff should not be entitled to discovery of alleged similar fraudulent acts. American Carpet contends that the plaintiffs have alleged a fraudulent scheme as to their claims of adjustments to customers' invoices, but have not alleged a fraudulent scheme in terms of forgery; without such an allegation, American Carpet says, the plaintiffs are not entitled to this type of "pattern and practice" discovery.
It is well established that the rules regarding discovery are to be broadly and liberally construed, to ensure that the spirit of the rules is carried out. Assured Investors Life Ins.Co. v. National Union Associates, Inc., 362 So.2d 228
(Ala. 1978). This Court has held that if there is any likelihood that the information sought by a party will aid that party in pursuing a claim or in defending a claim, then discovery should be allowed. See Ex parte AMI West Alabama General Hospital,582 So.2d 484 (Ala. 1991). The Court has also said that the particular details of the discovery process must necessarily be left to the sound discretion of the trial court. Ex parte OldMountain Properties, Ltd., 415 So.2d 1048 (Ala. 1982).
Considering the evidence before us, we hold that the trial judge did abuse his discretion in compelling the discovery for a period of five years; consequently, we issue a writ directing the trial court to limit its order compelling discovery, so as to require production only as to a two-year period. As to items 13 and 14, the writ shall direct the trial court to set aside its discovery order until it has conducted an in camera inspection of the records requested to determine whether, as American Carpet contends, those items constitute nondiscoverable trade secrets.
The petition for the writ of mandamus is granted.
WRIT GRANTED.
HOOPER, C.J., and SHORES, HOUSTON, KENNEDY, and COOK, JJ., concur.
SEE, J., concurs in the result.
BUTTS, J., dissents.