LYONS, Justice
(dissenting).
I do not believe that considerations surrounding the fundamental fairness of requiring a party to defend in the courts of this state when that party “should have been able to reasonably anticipate being haled into court here,” as was recognized in Bryant v. Ceat S.p.A., 406 So.2d 376, 378 (Ala.1981), cert. denied, 456 U.S. 944, 102 S.Ct. 2008, 72 L.Ed.2d 466 (1982), are the same considerations applicable when the issue is whether the defendant must bring witnesses to the forum twice, once for discovery and again for the trial. The plaintiff argues that this hardship is, like the defense of the action, an attribute of foreign trade. But, on this record, it appears that the defendant has no connection with the United States other than once having had a relationship with a corporation in Ohio that is not shown to have any other connection to the defendant.
It indeed would have been reasonable for the parties to meet each other halfway in Los Angeles, California, but under the circumstances here presented I am not satisfied that reasonableness is coextensive with that which is lawfully required. The appropriate standard is set forth in Chief Justice Tor-bert’s dissent in Ex parte Old Mountain Properties, Ltd., 415 So.2d 1048, 1051 (Ala. 1982), cert. denied, 459 U.S. 909, 103 S.Ct. 215, 74 L.Ed.2d 171 (1982), where he noted the fundamental unfairness, absent peculiar facts and circumstances, in requiring a nonresident defendant to leave his place of business and travel at this own expense to the site of the deposition so that it can be taken more conveniently and less expensively to the plaintiff.
Examples of “peculiar facts and circumstances” include relative hardships (here the burden appears equal, if not heavier on the defendant, given the scope of the request for witnesses); conflict in the evidence as to the defendant’s principal place of business (in this case there is no such conflict); the fact that corporate officers regularly come to the forum (here it is undisputed that they never come); and the fact that the plaintiff is impecunious (here, there is no such showing). The majority relies on In re Honda American Motor Co., Inc. Dealership Relations Litigation, 168 F.R.D. 535 (D.Md.1996). First, other than commonality of Japanese origin, the similarities between this defendant and Honda American Motor Company are negligible. Second, it is not apparent from this record that this defendant asserted the applicability of Japanese discovery rules, as Honda American did. Indeed, the trial court’s order is grounded in part on the perceived difficulties of managing discovery disputes should they occur in Japan; this fact suggests that the parties and the trial court contemplated control of the discovery process by the Circuit Court of Mobile County, even if discovery occurred in Japan. •
The trial court and the majority cite Ex parte Nissei Sangyo America, Ltd., 577 So.2d 912 (Ala.1991), to support the holding that the circuit court’s convenience in managing disputes justified requiring that the depositions of the defendant’s representatives take place in Mobile. Similarities between this present case and the case involving Nissei Sangyo America (“NSA”) are, beyond Japanese ■ origins, also thin. NSA was qualified to do business in Alabama and had operations in Alabama. The subject of the discovery predominantly related to trade secrets and confidential information, factors not at issue here. The trial court ordered that the deposition take place in Huntsville, not Chicago. I can see that in this present ease the 14-hour time difference between Japan and Mobile would present difficulties. However, a telephone call from Japan at the commencement of the business day in Japan would be received in *791 Mobile at 6:00 p.m. on the previous day. Problems that might arise during the day could be thrashed out by a late evening call from Japan that would take place in Mobile early on the same business day.
While I am not unmindful of the petitioner’s burden of showing an abuse of discretion, I believe that there are alternatives less oppressive than requiring production of the defendant’s witnesses for deposition in Mobile. For example, if the depositions take place in Japan and the defendant obstructs them by a disregard of Alabama discovery rules, then the trial court could order that they be retaken in Mobile, with all costs incurred in the previous and subsequent depositions, including travel expenses, taxed against the defendant. Further, the trial court could grant the defendant’s motion for a protective order, conditioning the order upon the defendant’s bringing in any witness it desires to use at trial sufficiently early to allow the plaintiff to take the witness’s pretrial deposition. I cannot help wondering how we would react if an Alabama manufacturer with a Japanese agent and no other connection to Japan was required to send its witnesses to Japan twice, first for discovery and then send them back later if it wanted live testimony at trial. I respectfully dissent.
HOOPER, C.J., concurs.