Junior G. Hollingsworth died of smoke inhalation in a house fire on December 25, 1994, while he was the overnight guest of Ronald and Barbara Stults. Raymond Hollingsworth, as administrator of Junior Hollingsworth's estate, alleges that a kerosene heater in the Stultses' house malfunctioned and caused the fire. The Stultses had purchased the heater sometime before 1985. The administrator filed an action against Toyokuni Co., Ltd., the manufacturer of the kerosene heater, and others, under the Alabama Wrongful Death Statute and the Alabama Extended Manufacturer's Liability Doctrine.
Toyokuni is a corporation organized under the laws of Japan, with its principal place of business in Osaka, Japan. Toyokuni does not have offices or employees in Alabama or in the United States. The administrator was granted leave to perfect service on Toyokuni by private process through the procedure established by the Hague Convention. The complaint was translated into the Japanese language and then served upon Toyokuni on December 10, 1996. Toyokuni answered the complaint on January 9, 1997.
In a letter to Toyokuni's counsel, the administrator's counsel recommended that Toyokuni representatives travel to Los Angeles, California, for the corporate deposition of Toyokuni. Toyokuni rejected this recommendation, taking the position that the administrator should travel to Japan. In response, the administrator filed a motion to compel Toyokuni to produce its corporate *Page 788 
representatives and documents in Mobile County. On the same day, the administrator also filed a notice of a deposition pursuant to Ala. R. Civ. P. 30(b)(5) and (6), which identified 36 matters on which testimony and documents were requested.[1] In opposition, Toyokuni filed a motion requesting the circuit court to issue a protective order and to quash the deposition notice. After the motions were argued, Judge Edward B. McDermott, of the Mobile Circuit Court, denied Toyokuni's motion and issued an order compelling Toyokuni to appear in Mobile County pursuant to the administrator's deposition notice. Judge McDermott later denied a motion to reconsider that order.
Toyokuni has petitioned this Court for a writ of mandamus directing Judge McDermott to vacate his order requiring that Toyokuni's deposition take place in Mobile and ordering that the deposition and document production take place at Toyokuni's principal place of business in Osaka, Japan. The issue before us is whether the circuit judge abused his discretion by denying Toyokuni's motion for a protective order and by ordering Toyokuni to bring witnesses and documents from Japan to Mobile.
Mandamus is a proper means to determine if a trial court abused its discretion in discovery matters. See, e.g., Ex parteNissei Sangyo America, Ltd., 577 So.2d 912, 913 (Ala. 1991). A writ of mandamus is extraordinary relief and will not issue unless the right to the relief sought is clear and certain, with no reasonable basis for controversy. Id. at 914 (citing Exparte Dorsey Trailers, Inc., 397 So.2d 98 (Ala. 1981)). Alabama cases regarding petitions for writs of mandamus on discovery issues generally state the law thus:
 " 'The Alabama Ruler of Civil Procedure permit very broad discovery. . . . However, [Rule] 26(c) recognizes that the right of discovery is not unlimited, and gives the court broad power to control the use of the process and to prevent its abuse by any party. The rule does not allow an arbitrary limit on discovery, but instead vests the trial court with discretion in the discovery process. The question on review then becomes one of whether, under all of the circumstances, the trial court has abused this discretion. In exercising its discretion, the trial court should be guided by the spirit of the rules, which is to permit full discovery so as to save time, effort and money and to expedite the trial with a view to achieving substantial justice for each litigant.' "
Ex parte Old Mountain Properties, Ltd., 415 So.2d 1048, 1050
(Ala. 1982) (quoting Campbell v. Regal Typewriter Co.,341 So.2d 120, 123 (Ala. 1976)) (citations omitted). " 'An appellate court may not decide whether it would, in the first instance, have permitted the prayed for discovery.' " Ex parteNissei Sangyo America, Ltd., 577 So.2d at 914 (quoting AssuredInvestors Life Ins. Co. v. National Union Assocs., Inc.,362 So.2d 228, 232 (Ala. 1978)). Because of the broad discretion afforded trial courts in discovery matters, appellate courts are reluctant to find abuse.
This Court has stated the general rule regarding the location of depositions of nonresident corporate defendants:
 "Depositions of a corporation through its officers or agents should ordinarily be taken at the corporation's principal place of business, especially when the corporation is a defendant. Salter v. Upjohn Company, 593 F.2d 649 (5th Cir. 1979). There may be circumstances that would justify the taking of a deposition somewhere other than the corporation's principal place of business." *Page 789 
Ex parte Armstrong, 412 So.2d 772, 773 (Ala. 1982). While ordinarily a nonresident defendant should not be required to travel to the site of a deposition in the forum chosen by the plaintiff, there is no hard and fast rule governing the location of such a deposition. See Ex parte Old MountainProperties, 415 So.2d at 1050, and Ex parte McNally,537 So.2d 928 (Ala.Civ.App. 1988). The circumstances in a particular case may warrant a departure from the general rule regarding the location of the deposition of a nonresident corporate defendant. Ex parte Old Mountain Properties, 415 So.2d at 1050. The trial court is in a better position than an appellate court to weigh the circumstances in a particular case and to determine whether the deposition should be taken somewhere other than the corporation's principal place of business. Id.
The circuit judge was faced with a difficult situation in this case and, under the circumstances, we conclude that he did not abuse his discretion. It is a matter of common knowledge among the bar that these matters are usually agreed upon for the mutual benefit of all parties. Indeed, the administrator attempted to reach such an agreement when he suggested that the parties meet in Los Angeles. Toyokuni rejected this suggestion and, therefore, the administrator was forced to invoke the court's aid to resolve this dispute. Faced with Toyokuni's lack of cooperation, manifested by its refusing to present itself for depositions in a convenient intermediate location, the circuit judge did not, under all the circumstances, abuse his discretion in ordering Toyokuni to come to Mobile for depositions.
The action is pending in the Circuit Court of Mobile County, and Toyokuni's counsel and the administrator's counsel practice law in the city of Mobile, located in Mobile County. In addition, the Stultses, who are also defendants, have filed a cross-claim against Toyokuni, seeking to recover for property damage, and their counsel practice in Mobile. The administrator argues that it would be less expensive for Toyokuni representatives to travel to Mobile than for the other parties and their counsel to travel to Japan; all parties are represented by counsel in Mobile. See Turner v. Prudential Ins.Co. of America, 119 F.R.D. 381, 383 (M.D.N.C. 1988). It could be a greater financial burden to all parties to conduct the deposition at a location other than the forum.
Moreover, Japan's system of discovery is very different from our "open discovery" system. Under Japanese law, judicial officers conduct all pretrial questioning of witnesses and discovery is basically limited to voluntary depositions.See In re Honda American Motor Co., Inc. Dealership RelationsLitigation, 168 F.R.D. 535, 538 (D.Md. 1996). It could be unfair to make the administrator conduct the deposition under Japan's strict discovery procedures, especially since, at the same time, Toyokuni would have access to our more open discovery methods. An attempt to compel discovery pursuant to our rules on Japanese soil could infringe foreign judicial sovereignty. Id. at 538. Therefore, the circuit judge did not abuse his discretion in declining to order that the deposition take place in Japan.
The administrator argues that holding the deposition in Japan would thwart the circuit court's control of this case. Conducting the deposition in the forum would allow the circuit court to have greater control over the discovery process if disagreements arose. See Ex parte Nissei Sangyo America, Ltd., 577 So.2d at 915. The administrator was required to obtain an order to compel Toyokuni to answer earlier interrogatories propounded to it. Given that fact, and given the absence of open discovery in Japanese practice, we think it conceivable that a dispute might arise. If a dispute arises over the right to discover certain information, or if the defendant refuses to cooperate, by failing to answer certain questions or to produce certain documents, then, with the deposition taking place in Mobile, the circuit court will be in a much better position to resolve any conflict. Having the deposition take place in Mobile and thus allowing the circuit court to exercise its control will serve the clear interest that the United States in general and Alabama in particular have in maintaining the integrity of our judicial system and in exercising the jurisdiction of this state and this nation over persons whose products are *Page 790 
distributed in the United States and in Alabama. See In reHonda American Motor Co., 168 F.R.D. at 539.
Based upon the totality of the circumstances, we conclude that the circuit court did not abuse its discretion. Therefore, the writ of mandamus is denied.
WRIT DENIED.
MADDOX, SHORES, HOUSTON, KENNEDY, and COOK, JJ., concur.
HOOPER, C.J., and LYONS, J., dissent, with opinion by LYONS, J.
[1] Ordinary discovery procedures are entirely appropriate in this case even though the complaint was served through the procedure established by the Hague Convention. There is no requirement that the administrator comply with the provisions of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Cases. The language of this treaty is permissive rather than mandatory. See Societe Nationale IndustrielleAerospatiale v. United States Dist. Court, 482 U.S. 522, 541,107 S.Ct. 2542, 2554, 96 L.Ed.2d 461, 482 (1987). Toyokuni has raised no issue regarding that treaty, and, without any argument that Japanese law would be offended, ordinary discovery should proceed. See Murphy v. Reifenhauser KGMaschinenfabrik, 101 F.R.D. 360 (D.Vt. 1984).