Given the disputed issues of fact concerning whether Walker County is a proper venue for Ivey's civil action, I must conclude that Ivey is entitled to conduct limited discovery with respect to the question of proper venue, so that the trial court can determine whether the case should proceed in Walker County. SeeEx parte McMahan, 507 So.2d 492, 493 (Ala. 1987). The petitioner Windom has not made a clear showing that the trial court abused its discretion in not ruling on his motion to transfer (a motion based on claims of improper venue, Ala. Code 1975, § 6-2-3, and, alternatively, the doctrine of forum nonconveniens, § 6-3-21.1) or in denying his motion to stay all discovery pending a ruling on that motion; therefore, I must concur in denying the petition for the writ of mandamus. See Exparte Nichols, 757 So.2d 374 (Ala. 1999); Ex parteChildren's *Page 951 Hosp. of Alabama, 721 So.2d 184,186 (Ala. 1998).
HOUSTON, J., concurs.