BROWN, Justice.
As a result of an on-the-job injury, David Michael Weaver sued Delta International Machinery Corporation (“Delta Machinery”), the manufacturer of the saw he was using at the time of his injury; he also sued Pentair, Inc., Delta Machinery’s parent company; Southern Risk Services, Inc., the workers’ compensation carrier for Weaver’s employer, Southern Energy Homes, Inc.; and a number of managers and/or supervisors at the Southern Energy Homes plant where Weaver worked. Weaver’s action is pending in the Jefferson Circuit Court. He petitions for a writ of mandamus directing that court to vacate its order of February 2, 1999, wherein it limited Weaver’s discovery concerning injuries resulting from accidents involving other sizes and models of Delta table saws and table-saw blade guards and further advised the parties that, at that time, it was inclined to exclude on retrial evidence of subsequent similar incidents. Weaver asks this Court to direct the circuit court to allow a broader range of discovery regarding injuries resulting from accidents involving other sizes and models of Delta table saws and table-saw blade guards. Finally, Weaver requests that this Court review the trial court’s pretrial ruling that evidence of subsequent similar accidents will be inadmissible and that it direct the trial court to set that ruling aside. We deny the writ.
Weaver worked at a Southern Energy Homes plant in Addison. On September 15, 1993, Weaver had an accident while he was cutting plasterboard, using a table saw and replacement blade guard that had been manufactured by Delta Machinery; he was injured and lost three fingers. Weaver sued Delta Machinery and the other defendants mentioned above on September 14, 1995. In the lawsuit, Weaver asserted products-liability claims and related claims against Delta Machinery, the manufacturer of the table saw. The table saw involved in Weaver’s accident was a 12-inch tilting arbor saw manufactured in 1955. The saw was produced by Rockwell Manufacturing Company, a company eventually acquired by Delta Machinery, and it was sold with a metal blade guard. In later years, the manufacture of the metal blade guard was discontinued, and that guard was replaced by a plastic blade guard. At the time of his accident, the table saw Weaver was using had a plastic blade guard that he said “had tape all over it.” Evidence indicated that a vacuum hose had been added to the table saw in such a way as to pull the blade guard away from its proper position.
Weaver propounded discovery requests for information about other injuries that had occurred during the use of Delta table saws. Delta Machinery failed to respond to Weaver’s discovery requests, and Weaver moved to compel that discovery. On April 21, 1998, the trial court granted Weaver’s motion to compel, but limited the scope of Delta Machinery’s required response to incidents involving the same 12-inch-model table saw that Weaver was operating when he was injured.
Weaver maintains that, according to his mechanical-engineering expert, virtually all models of Delta Machinery’s table saws and the replacement blade-guard attachments are substantially similar and function in the same way. He further maintains that the replacement guard at issue in this case is used for more than one model of table saw. According to Weaver, when his case first came to trial, Delta Machinery had not yet responded to his discovery request, but he says that on the second day of trial counsel for Delta Machinery produced a short list of other incidents.
*947 The first trial of Weaver’s case ended in a mistrial, on October 23, 1998, when, Weaver represents, the trial judge “became angry with Weaver’s counsel for trying to lay the predicate for introducing evidence of other injuries occurring on Delta table saws.” After the mistrial was declared, Weaver moved the trial court to “reconsider” its ruling limiting discovery concerning similar incidents, and on February 2, 1999, the trial court entered an order granting the motion to reconsider “to the extent that defendant [Delta Machinery] should respond to discovery requests as to the model of the saw with attachments as it was on the day of the accident, but may limit its discovery as to that saw as it existed that day.” The order continued: “The court has advised counsel that it will limit evidence to accidents arising on or before the date of the accident in this case.” On November 5, 1999, Weaver filed this petition for the writ of mandamus.[1]
I.
Rule 26, Ala.R.Civ.P., governs the discovery of information in civil actions. When a dispute arises over discovery matters, the resolution of the dispute is left to the sound discretion of the trial court. “Discovery matters are within the trial court’s sound discretion, and its ruling on those matters will not be reversed absent a showing of abuse of discretion and substantial harm to the appellant.” Wolff v. Colonial Bank, 612 So.2d 1146, 1146 (Ala.1992) (citations omitted). See also Justice Maddox’s dissent in Ex parte Hicks, 727 So.2d 23, 33 (Ala.1998); the holding in the majority opinion in Hicks was overruled by Ex parte Henry, 770 So.2d 76, 79 (Ala.2000).
Petitioning for the writ of mandamus is the proper method for determining whether a trial judge has abused his discretion in limiting discovery. Ex parte Allstate Ins. Co., 401 So.2d 749, 751 (Ala. 1981). The writ of mandamus is a drastic and extraordinary remedy, to be issued only when there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court. Ex parte Horton, 711 So.2d 979, 983 (Ala.1998) (citing Ex parte United Serv. Stations, Inc., 628 So.2d 501 (Ala. 1993)); Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991) (citing Martin v. Loeb & Co., 349 So.2d 9 (Ala.1977)). Moreover, this Court will not issue a writ of mandamus compelling a trial judge to alter a discovery order unless this Court “determines, based on all the facts that were before the trial court, that the trial court clearly abused its discretion.” Ex parte Horton, 711 So.2d at 983. Moreover, “ ‘[t]he right sought to be enforced by mandamus must be clear and certain with no reasonable basis for controversy about the right to relief,’ ” and “ ‘[t]he writ will not issue where the right in question is doubtful.’ ” Ex parte Bozeman, 420 So.2d 89, 91 (Ala. 1982) (quoting Ex parte Dorsey Trailers, Inc., 397 So.2d 98, 102 (Ala.1981)).
*948 Weaver claims that he suffered an on-the-job injury while using a 12-inch Delta table saw to cut plasterboard. On January 15, 1998, Weaver filed a broad discovery request, seeking information concerning previous claims and/or lawsuits:
“3. Please list all lawsuits filed against Rockwell Manufacturing Company (hereinafter Rockwell Mfg.), Rockwell International Corporation (hereinafter Rockwell International) and/or Delta claiming physical injuries and/or damage due to any defective condition, defect in, and/or problems regarding table saws, circular saws, band saws and/or other woodworking machinery manufactured by Rockwell Mfg., Rockwell International and/or Delta, giving the style, jurisdiction, names of all parties, names and addresses of all attorneys, date of filing, if resolved, the disposition and date of disposition and the type, model number and date of manufacture of the machine involved. Included in your response should be all lawsuits alleging that inadequate warnings regarding potential dangers in the use of the machine and/or inadequate instructions in the proper use of the machine were provided.
“4. Please list all oral and/or written notices, claims and/or complaints, filed with and/or against Rockwell Mfg., Rockwell International and/or Delta claiming physical injuries and/or damage due to any defective condition, defect in, and/or problems regarding table saws, circular saws, band saws and/or other woodworking machinery manufactured by Rockwell Mfg., Rockwell International and/or Delta, giving the name and address of the person, firm or corporation making the notice, claim and/or complaint, the date of the notice, claim and/or complaint, if resolved, the disposition and date of disposition and the type, model number and date of manufacture of the machine involved. Included in your response should be all notices, claims and/or complaints alleging that inadequate warnings regarding potential dangers in the use of the machine and/or inadequate instructions in the proper use of the machine were provided.”
“The first step in determining whether the court has abused its discretion is to determine the particularized need for discovery, in light of the nature of the claim.” Ex parte Rowland, 669 So.2d 125, 127 (Ala.1995). Given that the saw Weaver was using at the time he was injured had been manufactured since 1955, Weaver’s discovery request involved claims made over a period of more than 40 years. Moreover, as can be seen, Weaver’s request involved numerous kinds of Delta equipment. The right to discovery is not unlimited, and the trial court has broad powers to control the use of the discovery process to prevent its abuse by any party. Ex parte Compass Bank, 686 So.2d 1135, 1137 (Ala.1996). A discovery request of this scope is oppressive and overly burdensome. Thus, the trial court was entitled to limit Weaver’s discovery request so that the information Delta Machinery was required to produce would be more manageable. We have held that a trial court can impose time and geographical limitations on otherwise unduly broad discovery requests in fraud cases, so as to prevent abuse of the discovery process. See Ex parte National Sec. Ins. Co., 773 So.2d 461 (Ala.2000); Ex parte American Carpet Sales, Inc., 703 So.2d 950 (Ala.1997). Likewise, in a class action based on the defendant’s sale of annuities, we limited discovery to the particular kind of annuity purchased by the plaintiff, where the plaintiff had requested information involving all variable annuities sold by the defendant. *949 See Ex parte Compass Bank, 686 So.2d at 1138.
Here, the trial court was faced with an overwhelming discovery request involving information accumulated over a period spanning more than four decades. Thus, limiting discovery was not only reasonable, but mandatory. Had the court failed to limit discovery, the parties could have been bogged down in discovery for an incalculable period. The trial court elected to limit discovery to the particular model of saw Weaver was using when he was injured. Under the circumstances, the trial court did not abuse its discretion in limiting the scope of Weaver’s requested discovery.
II.
Weaver also argues that we should issue the writ on the basis that the trial court abused its discretion by prospectively ruling that all evidence of subsequent incidents would be excluded on retrial. Although Weaver acknowledges in his brief that “[ojrdinarily, issues regarding eviden-tiary rulings are only ... subject to appeal upon entry of a final judgment,” he argues that the facts of this case, mandate that this Court should offer some guidance on the question of admissibility of other-similar-incidents evidence.
“Mandamus is an extraordinary legal remedy to be granted only when there is a clear, specific legal right shown for the enforcement of which there is no other adequate remedy.” Echols v. Housing Auth. of Auburn, 377 So.2d 952, 953 (Ala.1979). “It is well established in Alabama that a writ of mandamus, which is a drastic and extraordinary remedy, will not issue when there is an adequate remedy by appeal, and that the writ cannot be used as a substitute for appellate review.” Ex parte Fowler, 574 So.2d 745, 747 (Ala. 1990). Moreover, the writ of mandamus will not issue to compel a trial court to exercise its discretion in a particular manner. Ex parte Ford Motor Credit Co., 607 So.2d 169, 170 (Ala.1992). That is precisely what Weaver asks this Court to do: to review an evidentiary ruling that he contends was erroneous and, based on the review, “to provide guidance on the scope of judicial discretion” allowed in admitting or excluding similar-incident evidence. We decline to do so. The trial court’s ruling does not prevent Weaver from offering evidence of a subsequent accident, and, if he offers that evidence and the trial court excludes it, then Weaver may appeal that ruling once a final judgment is entered.
III.
We conclude that the trial court did not abuse its discretion in limiting Weaver’s discovery request concerning Delta table saws. We further conclude that Weaver does not have a clear legal right to a review of the correctness of a pretrial ruling on the admissibility of evidence. Accordingly, Weaver’s petition is denied.
WRIT DENIED.
HOOPER, C.J., and HOUSTON, SEE, and ENGLAND, JJ., concur.

. We note that since Weaver filed his petition, this Court has amended Rule 21, Ala.R.App. P., to provide that a petition for the writ of mandamus must "be filed within a reasonable time,” and that "[t]he presumptively reasonable time for filing a petition seeking review of an order of a trial court shall be the same as the time for taking an appeal.” Rule 21(a). Thus, under the rule as amended, a petition in a case such as this must be filed within 42 days of the order as to which the petitioner seeks review, unless the party can show good cause for delaying beyond the 42 days. See Ex parte Butts, 775 So.2d 173, 176 (Ala.2000). This amendment became effective September 1, 2000.