MOORE, Judge, dissenting.
The materials before the court on this petition for a writ of mandamus show that the Alabama Board of Pharmacy ("the Board") suspended the license of Demetrius Yvonne Parks to practice pharmacy on October 1, 2016, and placed several pharmacies owned by Parks on probation. On November 22, 2016, Parks sought, in the Montgomery Circuit Court, judicial review of the suspension and probation order; she also moved the circuit court for a stay. The circuit court entered an order staying the *600 suspension of Parks's license to practice pharmacy on December 1, 2016. In that order, the circuit court established as a condition of the stay that "Parks shall not be involved in the dispensing of legend or controlled drugs."
On December 14, 2016, Parks filed a motion entitled "Emergency Supplemental Motion to Stay." In that motion, Parks argued, among other things, that the continuation of certain "very harmful and damaging language" on the "NPDB [National Practitioner Data Bank] website" was in violation of "the letter and spirt" of the December 1, 2016, stay order, and asserted that the Board had refused to remove that language, despite its authority to do so, thereby rendering the stay order ineffective. Parks also requested that the circuit court enter a "supplemental stay" based on alleged violations of her due-process rights.
The circuit court scheduled a hearing on the "emergency" motion for December 27, 2016, at 8:30 a.m. The Board did not file a written response to that motion before the scheduled hearing date and did not file a motion to continue the hearing. On December 27, 2016, at 9:00 a.m., 30 minutes after the hearing was scheduled to commence, the circuit court entered an order rescheduling the hearing to January 5, 2017. The parties dispute the reasons for the rescheduling, and the materials before us do not contain any information that settles that dispute. On December 30, 2016, the Board moved to continue the January 5, 2017, hearing on the basis that its counsel, James Ward, was recovering from back surgery and could not travel to Montgomery from Birmingham to attend the hearing. On January 3, 2017, the circuit court granted the motion to continue the hearing indefinitely.
On January 5, 2017, without holding a hearing, the circuit court entered an order "supplementing [the] stay on a temporary basis" to allow Parks to work as a pharmacist. Additionally, the circuit court ordered the Board to "clear and remove all language in its entirety sent to the National Practitioner Data Bank (NPDB)" concerning Parks and the relevant pharmacies she owned. The Board moved the circuit court to reconsider the supplemental stay order and to vacate that part of the order requiring it to remove the language from the National Practitioner Data Bank ("NPDB") Web site. The circuit court had not acted on the motion to reconsider when the Board filed its notice of appeal on January 19, 2017, which this court has elected to treat as a petition for a writ of mandamus.
In its mandamus petition, the Board asserts that the circuit court modified its original stay order to allow Parks to work as a pharmacist, which would include dispensing medication to the public, without affording the Board an opportunity to present evidence indicating that the stay would endanger the health, safety, and welfare of the public. Section 41-22-20(c), Ala. Code 1975, provides that a stay should be entered as a matter of right when a license has been suspended, "unless the reviewing court, upon petition of the agency, determines that a stay or supersedeas would constitute a probable danger to the public health, safety, or welfare." (Emphasis added.) The materials before this court do not contain any "petition" filed by the Board requesting a hearing to determine that a stay of the suspension of Parks's license to practice pharmacy would probably endanger the public. Parks requested a hearing to have the original stay order modified, but the Board did not counter with a motion of its own to maintain the conditions in the original stay order to protect the public, and it did not make any such assertions in its motion to reconsider.
*601 To obtain a writ of mandamus, a petitioner must show, among other things, a refusal of the respondent judge to perform an imperative duty. See Ex parte City of Prattville, 56 So.3d 684, 688 (Ala. Civ. App. 2010). "[T]his court will not issue a writ of mandamus to compel a trial court to perform an act that the trial court was never requested to perform." Id. at 689. Thus, I dissent from the main opinion insofar as it orders the circuit court to conduct a hearing to determine whether the stay of the suspension of Parks's license to practice pharmacy should be denied based on the exception stated in § 41-22-20(c).
The Board also mainly argues that the circuit court exceeded its discretion in ordering the Board to remove its report from the NPDB Web site. Section 41-22-20(c) authorizes a circuit court to stay any administrative order "upon appropriate terms." The Board basically contends that the circuit court included an inappropriate term in its January 5, 2017, supplemental stay order because the circuit court could not lawfully require it to remove information about Parks and her pharmacies that was reported by the Board to the NPDB. The Board points out that federal law requires the Board to report adverse actions taken against the licenses of pharmacists and their pharmacies to the NPDB. See 42 U.S.C. § 1396r-2 ; see also 45 C.F.R. § 60.1 et seq. The Board also cites cases supporting its position that federal law preempts state law and prevents an Alabama circuit court from ordering the Board to remove required information from the NPDB Web site. See, e.g., Diaz v. Provena Hosps., 352 Ill.App.3d 1165, 817 N.E.2d 206, 288 Ill.Dec. 81 (2004). Based on that authority, the Board maintains that the circuit court exceeded its authority in ordering the Board to remove its report from the NPDB Web site.
The part of the January 5, 2017, supplemental stay order about which the Board complains requires the Board to "clear and remove all language in its entirety sent to the National Practitioner Data Bank (NPDB)" concerning Parks and the relevant pharmacies she owned. The Board did not attach to its petition a copy of the language to which the order refers. See Rule 21(a)(1)(E), Ala. R. App. P. (requiring petitioner to append to the petition "copies of any order or opinion or parts of the record that would be essential to an understanding of the matters set forth in the petition"). In the absence of that material, we cannot discern whether the information reported by the Board to the NPDB and appearing on the NPDB's Web site falls within the scope of the federal laws and regulations cited by the Board. "A writ of mandamus is extraordinary relief and will not issue unless the right to the relief sought is clear and certain, with no reasonable basis for controversy." Ex parte Toyokuni & Co., Ltd., 715 So.2d 786, 788 (Ala. 1998). Because it is not clear and certain that the circuit court violated federal law, the writ cannot issue. I therefore dissent to any part of the main opinion requiring the circuit court to vacate, or to consider vacating, that part of its January 5, 2017, supplemental stay order directing the Board to remove its report from the NPDB Web site.
Thomas, J., concurs.