PER CURIAM.
This is a petition for a writ of mandamus requiring the trial judge to set aside a protective order. The suit was filed in the Bessemer Division of the Jefferson County Circuit Court (the Bessemer cut-off); the defendant’s attorney notified the plaintiff that he would take her deposition in his office in Birmingham; plaintiff’s attorney responded that “it is the rule of practice in Bessemer that all depositions in cases heard in the cut-off are taken in the Bessemer Cut-Off,” and objected to the taking of the deposition in Birmingham. When defendant’s attorney persisted, plaintiff’s attorney wrote another letter, which concluded, “This is the rule that has been followed ever since I have been practicing law and [I] have never had any problems about it before.”
Plaintiff filed a motion for protective order solely on the ground that “The Defendant has refused to reschedule the deposition in the Bessemer Cut-Off at the request of the Plaintiff.” The trial court granted the protective order.
Discovery under the Alabama Rules of Civil Procedure is to be broadly and liberally allowed. Rule 26(c) provides for protective orders where proposed discovery would subject a party or person to “annoyance, embarrassment, oppression, or undue burden or expense.” An order granting such a protective order will be set aside only for abuse of the trial court’s discretion in supervising discovery, but it is the movant’s burden to show good cause why the protective order should be granted. If the order is granted arbitrarily or without good cause, mandamus is the proper remedy. Ex parte McMahan, 507 So.2d 492 (Ala.1987); Ex parte Old Mountain Properties, Ltd., 415 So.2d 1048 (Ala.), cert. denied, 459 U.S. 909, 103 S.Ct. 215, 74 L.Ed.2d 171 (1982); Ex parte Scott, 414 So.2d 939 (Ala.1982); Ex parte Bishop, 362 So.2d 228 (Ala.1978).
The only ground on which the protective order was requested or the deposition objected to was the purported local rule that, in cases filed in the Bessemer cut-off, discovery would be held in the Bessemer cut-off. No such local rule has been promulgated, and approved by this Court, in accordance with Rule 83, A.R.Civ.P., so any such rule is not effective and cannot serve as good cause for granting a protective order. See Welborn v. Snider, 431 So. 2d 1198 (Ala. 1983).
Because plaintiff did not show any good cause why the protective order should be granted, the trial court exceeded its discretion in granting the order. Therefore, the writ of mandamus is due to be granted.
WRIT GRANTED.
MADDOX, ALMON, SHORES, HOUSTON and STEAGALL, JJ., concur.