MENDHEIM, Justice (concurring in part and dissenting in part).
I agree with the main opinion that the petitions for a writ of mandamus should be granted to direct the trial court to issue a protective order for the bills of lading of Industrial Warehouse Services, Inc. ("IWS"). I would, however, also direct the trial court to issue a protective order for IWS's operations and safety manuals as well. Accordingly, as to that portion of the opinion, I dissent.
IWS sought a protective order as to several operations and safety manuals authored by IWS or purchased from third-party vendors and provided to drivers of IWS's trucks. IWS asserted in its motion for a protective order that the materials in the operations and safety manuals "related to the services provided to or available to its drivers and other employees that are proprietary to IWS and contain confidential and/or trade secrets." See Rule 26(c), Ala. R. Civ. P. (providing that, for "good cause shown," the trial court may order "that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way" (emphasis added) ).
Wilson and Taylor are entitled to the requested information, and IWS makes no argument to the contrary. Further, IWS asserted to the trial court in its motion for a protective order that "[t]he Protective Order shall not restrict the use of documents at trial." Rather, the issue simply is whether the discovered information should be subject to a protective order that prohibits dissemination to nonparties.
The main opinion faults IWS for seeking a protective order because part of the information in the requested manuals "is readily ascertained from publicly available information." 262 So.3d at 1186. But the fact that an operations or safety manual might incorporate some publicly available information does not mean that the manner in which that information is presented for purposes of instructing drivers might not reflect "a trade secret or other confidential research, development, or commercial information" under Rule 26(c). Although I agree that a protective order should not be used to shield information that is publicly available, the trial court can protect IWS's interests by drafting a protective order that excludes protection for any publicly available information and that otherwise restricts the disclosure and use of the disputed discovery to and by the parties in this case. Also, if the trial court had further concerns with IWS's assertions, the court could conduct an in camera inspection to discern the extent to which protection was otherwise justified. Likewise, if upon receipt and review of the manuals, Wilson and Taylor find that IWS's assertions are incorrect, they could request the trial court to amend or to vacate the protective order.
The main opinion also faults IWS for making "general assertion[s]" and for not disclosing sufficient information as to how the requested manuals "constitute[ ] a trade secret." 262 So.3d at 1186. I note that the protection under Rule 26(c) is not limited to "trade secrets," and, as a general principle, I find the main opinion's approach troubling because its application might be read as requiring a litigant to disclose its confidential information to the discovering party in order to establish the need for a protective order to protect that *1190 confidential information. Again, it seems the simple solution, which protects the disclosing party but also allows for the full exercise of the opposing party's right to discovery, is for the trial court to conduct an in camera inspection or to allow the discovery to proceed with a protective order in place, which may be lifted, if necessary, after the opposing party reviews the discovery.
In my opinion, IWS established "good cause" for a protective order that prohibits disclosure to nonparties of both its bills of lading and its operations and safety manuals. Accordingly, I respectfully dissent from that portion of the main opinion denying a protective order for IWS's operations and safety manuals.
Bolin, J., concurs.
SHAW, Justice (concurring in the result in part and dissenting in part).
I believe that the petitioner, Industrial Warehouse Services, Inc. ("IWS"), failed to meet its burden of showing that the bills of lading sought to be discovered in this case constituted trade secrets or confidential information for purposes of warranting a protective order under Rule 26(c), Ala. R. Civ. P. Therefore, I respectfully dissent from the portion of the main opinion issuing the writ of mandamus. As to the portion of the main opinion denying the petitions in part, I concur in the result.
IWS had the "burden to show" that the bills of lading were protected as trade secrets or as confidential and that a protective order should thus be granted as to them. Ex parte Cuna Mut. Ins. Soc'y, 507 So.2d 1328, 1329 (Ala. 1987) ("[I]t is the movant's burden to show good cause why the protective order should be granted."). Cf. Ex parte Michelin North America, Inc., 161 So.3d 164, 170 (Ala. 2014) ("A party asserting the trade-secret privilege has the initial burden of showing that the information sought to be shielded from disclosure constitutes a trade secret the disclosure of which would result in injury."), and Ex parte Coosa Valley Health Care, Inc., 789 So.2d 208, 219 (Ala. 2000) ("[T]he burden of proving that a privilege exists and proving the prejudicial effect of disclosing the information is on the party asserting the privilege."). IWS's motion for a protective order, however, failed to include any "showing" that the bills of lading or information contained in them was secret or confidential. Instead, the motion simply contained a single assertion on the issue: "[T]he Plaintiffs have requested materials from IWS related to the services provided to or available to its drivers and other employees that are proprietary to IWS and contain confidential information and/or trade secrets." No explanation or argument as to "how" or "why" was given or made, the actual materials were not identified, no explanation of the actual contents of the bills of lading was actually provided to the trial court, and no evidence[7] was submitted to substantiate its claim. Simply put, this single assertion by IWS in its motion was not sufficient to show the trial court the reason the bills of lading were due protection or that they were trade secrets as defined under Ala. Code 1975, § 8-27-2(1).[8]
*1191 It is certainly true that there may be times when the content of material sought to be discovered reveals on its face that it is a trade secret or confidential; thus, no supporting evidence or detailed explanation would be required to show that such is the case. I see nothing, however, indicating that a bill of lading is such a material. Generally, a bill of lading is "[a] document acknowledging the receipt of goods by a carrier or by the shipper's agent and the contract for the transportation of those goods." Black's Law Dictionary 198 (10th ed. 2014). Nothing in the nature of such a document indicates that it inherently contains confidential information.
IWS asserts in its mandamus petitions that the bills of lading contained information such as client names, sellers, buyers, and rates. This assertion was not provided to the trial court; it thus cannot form a basis on which to issue a writ of mandamus because, "[i]n determining, on mandamus review, whether the trial court exceeded the limits of its discretion, 'the appellate courts will not reverse the trial court on an issue or contention not presented to the trial court for its consideration in making its ruling.' " Ex parte Ebbers, 871 So.2d 776, 786 (Ala. 2003) (quoting Ex parte Wiginton, 743 So.2d 1071, 1073 (Ala. 1999) ). Further, any assertions by the amici curiae tending to support IWS's arguments and assertions were also not presented to the trial court and also cannot be considered by this Court on mandamus review. Id. See also Courtaulds Fibers, Inc. v. Long, 779 So.2d 198, 202 n.1 (Ala. 2000) (holding that this Court will not decide a question presented by amicus curiae that was not presented by the parties); Morgan Cty. Comm'n v. Powell, 292 Ala. 300, 311, 293 So.2d 830, 840 (1974) ("An amicus curiae is limited to the issues made by the parties to a suit, and issues not made in proceedings below, nor raised in brief of appellant, cannot be injected into a review by any action on the part of the amicus curiae."). Additionally, there is nothing innate in information regarding pricing and customers that is necessarily confidential or secret; indeed, many businesses actually advertise this information. IWS might certainly keep this information confidential, but it did not "show" this to the trial court.[9] Thus, I do not believe that IWS has demonstrated a clear legal right to the writ of mandamus.
Although I agree with the general principle that a protective order should be required to prevent a discovering party from disclosing trade secrets or confidential information to parties not involved in the litigation, IWS simply did not meet its burden of showing that the bills of lading at issue here were due to be protected. Therefore, I respectfully dissent from issuing the writ.
BRYAN, Justice (concurring in the result in part and dissenting in part).
I concur in the result in the main opinion insofar as it grants the petitions for a writ of mandamus filed by Industrial Warehouse Services, Inc. ("IWS"), and directs *1192 the trial court to issue a protective order for IWS's bills of lading. However, I dissent from that part of the main opinion declining to direct the trial court also to issue a protective order that prohibits disclosure of IWS's operations and safety manuals to nonparties. In that regard, I join Justice Mendheim's reasoning in his special writing as to why the trial court should be directed to issue a protective order as to IWS's operations and safety manuals.

See Fountain Fin., Inc. v. Hines, 788 So.2d 155, 159 (Ala. 2000) (noting that statements in motions and arguments of counsel are not "evidence").

After the trial court denied the motion for a protective order, IWS filed a motion to reconsider that included an affidavit providing testimony stating that the bills of lading contained trade secrets or confidential information. That affidavit was stricken. Nothing in the petitions convinces me that the trial court erred in striking that belated filing or that the arguments in the motion to reconsider are properly before us. That said, I disagree with any implication in the main opinion, 262 So.3d at 1187 n.5, that a motion to strike cannot be reviewed as part of a ruling on a discovery order that is otherwise capable of mandamus review under Ex parte Ocwen Federal Bank, FSB, 872 So.2d 810 (Ala. 2003).

IWS also asserts that it has certain confidentiality agreements with other parties that require it to protect the information in the bills; however, no assertion regarding the existence of confidentiality agreements is found in the motion for a protective order or in its supporting brief filed in the trial court. Further, that assertion is not substantiated by evidence.